GENERAL MOTORS ACCEPTANCE CORPORATION v. R. JOBE.[1]

April 13, 1933.

Nos. 29,362, 29,484.

*Mason W. Spicer,* for appellant.

*Emanuel Sgutt* and *Stinchfield, Mackall, Crounse, McNally & Moore,* for respondent.

[1]Reported in 248 N. W. 213.

HILTON, JUSTICE.

■ There are two appeals by defendant, one from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial, and one from the judgment rendered on the verdict.

The appeal from the order was not taken within time. The order denying judgment non obstante veredicto or a new trial was filed July 21, 1932, and notice thereof served on defendant by plaintiff on August 24, 1932. On August 23, 1932, defendant gave notice of motion, to be heard September 6, 1932, to set aside the court's order of July 21, 1932, "wherein this defendant was denied judgment or a new trial," and to "renew the former motion made on April 16, 1932, on all the grounds set forth in said motion papers." The court by order filed September 24, 1932, denied the motion. The second motion was entertained by the court and decided on its merits. The first order was never vacated. Defendant appealed from the second order on October 28, 1932.

In Barrett v. Smith, 183 Minn. 431, 440, 237 N. W. 15, 19, it was said:

"A strict and definite rule is needed. We hold it to be that where the right of appeal from an unvacated appealable order has expired the right of appeal is not revived by a negative order on a second motion for the same relief."

Furthermore (syllabus):

"In such a case proper practice requires prompt application for a vacation of the first order pending consideration of the second motion, leave to submit the latter being first secured. And if the matter is to be reconsidered, the first order should be vacated pending the reconsideration."

The appeal from the order is dismissed.

■ Upon the appeal from the judgment the questions raised by the motion for judgment or a new trial may be here reviewed upon proper assignments of error. The action was upon five promissory notes, each declared upon as a separate cause of action. The execu-

tion and delivery of the five notes were admitted, as was the non-payment thereof, except as shown by indorsements thereon. Defendant's answer interposed defenses of no consideration, conversion of certain automobiles, and a counterclaim for moneys theretofore paid under claimed duress. A verdict was directed as to four causes of action; the remaining one was submitted to the jury to determine the question whether there had been a conversion by plaintiff of an automobile described in a chattel mortgage securing the note involved. The jury on that issue found in favor of the defendant, and it is not before us here.

Defendant's son, Walter Jobe, was engaged in the automobile business at Fergus Falls, Minnesota, as the Jobe Motor Company. A guaranty in writing was given by defendant to plaintiff covering the business of that company with plaintiff. The guaranty was not only general and all-inclusive in its terms, but was specific in its detailed coverage. It is evident that the purpose of the contract was that defendant should become and remain liable for all indebtedness incurred by the company to plaintiff until the same was paid, no matter what ramifications the transactions might go through.

Several hundred automobiles were purchased by the company. There were two kinds of contracts, one wholesale and the other retail. On August 27, 1930, defendant gave plaintiff a check for $2,134.27, taking care of certain wholesale transactions, and on September 2, 1930, defendant gave plaintiff a check for $5,708.17, covering retail transactions. The giving of these checks disposed of all matters the settlement of which was then in arrears. There were five others not then in arrears and not included in those settlements. The settlement of the latter resulted in the giving of the notes here sued upon. These notes were dated February 16, 1931, and were due June 1, 1931. Each one related to an automobile transaction and was secured by a chattel mortgage.

The claims of defendant that there was no consideration for the notes and that the guaranty and notes in question were given as an accommodation to plaintiff find no support in the evidence; nor is

there any evidence warranting the submission to the jury of a claimed conversion by plaintiff of the four cars which were involved in the giving of the four notes relative to which the court instructed verdicts in favor of plaintiff.

■ There remains only the question as to whether the check for $5,708.17 was obtained by plaintiff under duress. The claim that the check was so given is based on testimony of defendant and Walter that plaintiff's representative, shortly before the giving of the smaller check, said to defendant that his son Walter "had forged some notes and if I wouldn't pay them notes what he forged why they would put him in jail and lock up his garage, and also they said they was the biggest company in the United States, they would put me to shreds if I didn't dig up the money and pay that." Witness for plaintiff expressly denied having made any such statements. The evidence most favorable to defendant must be considered.

To constitute duress the one asserting it must have been subjected to a pressure which overcame his will and coerced him to comply with demands to which he would not have yielded if he had been acting as a free agent. In other words, the pressure must be such as to destroy the genuineness of the contractual consent. See 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 2848.

"As a rule, duress will not prevail to invalidate a contract entered into with full knowledge of all the facts, with ample time and opportunity for investigation, consideration, consultation and reflection." American Nat. Bank v. Helling, 161 Minn. 504, 511, 202 N. W. 20, 23.

Assuming the statements claimed to have constituted duress were actually made as asserted by defendant, nevertheless, on defendant's own testimony, they cannot be held to have dominated his will so as to make the payment invalid for want of genuine consent. Defendant testified that he did not take the threat seriously; that he learned from his son the next day that no notes had been forged by him; that he believed his son; that he had no fear of the man who made the threats; and that he did not make the payment be-

cause of the size of the corporation. The evidence shows that several days elapsed from the making of the claimed threat and the giving of the check; that in the meantime defendant negotiated with several banks for borrowing the necessary money, did borrow it, and after Walter had carefully checked his accounts, the amount owing plaintiff thereon being in dispute, the check for $5,708.17 was given to and cashed by plaintiff. All the security held by plaintiff covering the wholesale transactions involved was assigned and delivered over to defendant. Defendant had full knowledge of all the facts; had ample time and opportunity for investigation, consideration, consultation, and reflection. Under the authorities cited, it cannot be said that defendant was coerced into giving the check.

Affirmed.

OLSEN, JUSTICE, took no part.