## RAYMOND E. TOMBS AND ANOTHER v. HAROLD E. ASHWORTH AND OTHERS, INDIVIDUALLY AND AS COPARTNERS d.b.a. ASHWORTH & SONS COMPANY.

95 N. W. (2d) 423.

March 6, 1959—No. 37,591.

*John J. McBrien,* for appellants.
*Louis J. Moriarty* and *Irving M. Frisch,* for respondents.

KNUTSON, JUSTICE.

This case was commenced to recover damages for alleged conversion of some construction equipment. It was tried by the court without a jury. Findings of fact, conclusions of law, and order for judgment in favor of defendants were entered on April 17, 1957. On or about August 8,

1957, defendants served upon plaintiffs a notice of motion to tax costs and enter judgment. The notice read as follows:

"Please Take Notice, that on the 14th day of August, 1957, at 10:00 o'clock A. M., application will be made to Philip C. Schmidt, Esq., Clerk of said Court, at his office in the Court House in the City of Minneapolis, in the County of Hennepin and State of Minnesota, to have the within bill of costs and disbursements taxed and inserted in the judgment then and there to be entered herein."

Judgment was entered on August 14, 1957. On February 17, 1958, which was 6 months and 3 days after entry of the judgment, plaintiffs served upon defendants' counsel a notice of motion to have the judgment vacated, asserting the following grounds:

"(1) Mistake, inadvertence, surprise or excusable neglect;

"(2) neglect of duty on the part of the Clerk of Court in refraining from and refusing to notify the parties, or their attorneys, of the entry of said judgment; and

"(3) to permit plaintiffs to appeal from a judgment subsequently to be entered herein."

The motion was supported by an affidavit of plaintiffs' attorney in which he asserts that he first received notice of the entry of the judgment on February 17, 1958, after making a telephone call to the clerk of court of Hennepin County; that the clerk then informed him that he had not adhered to Rule 77.04 of Rules of Civil Procedure as far as serving notice of the entry of the judgment was concerned; that he, plaintiffs' attorney, was unaware of the practice of the clerk of court of Hennepin County in not adhering to said rule; and that he had come to rely upon the rule in affording him notice of the entry of judgment. He further avers that he had intended to appeal from the judgment and that he had ordered a transcript on September 13, 1957.

The motion was also accompanied by an affidavit of the clerk of court of Hennepin County in which, among other things, he says:

"* * * That no notice of the filing or entry of said judgment was sent or served upon any of the parties to said action or their attorneys despite the fact that the Clerk is familiar with and knows the contents of Rule

77.04 of the Rules of Civil Procedure for the District Courts of Minnesota; the Clerk of Hennepin County, Minnesota, has sent out no notices of entry of judgment as required by said rule and feels that he is not obligated to do so because of the fact that Hennepin County is the most populated county in the State of Minnesota and that the burden of sending such notices would amount to a physical impossibility."

The motion was denied by the trial court, and this appeal is from the order denying the motion.

The only question presented here is whether the trial court, after the time for appealing from a judgment has expired, may vacate the judgment and reenter it so as to permit an appeal if the clerk fails to serve the notice required under Rule 77.04.

■ The time for appealing from a judgment is governed by M. S. A. 605.08, which reads:

"An appeal from a judgment may be taken within six months after the entry thereof, * * *."

■ The time for perfecting an appeal cannot be extended by order of the court or agreement of the parties.[1] In Weckerling v. McNiven Land Co. 231 Minn. 167, 172, 42 N. W. (2d) 701, 704, we said:

"* * * the attempt of the trial court to extend the time of appeal—whether it be from the judgment or an order—was wholly ineffective. In Barrett v. Smith, 183 Minn. 431, 439-440, 237 N. W. 15, 19, this court—which was therein concerned with the vacation of appealable orders after the time for appeal had expired—held that an order may be vacated *for the purpose of granting a bona fide reconsideration on the merits,* but did not hold that an order may be vacated for the purpose of extending the time for appeal as fixed by M. S. A. 605.08. In fact, it was pointed out therein that the time for appeal cannot be extended by agreement of the parties *or order of the court.* Although limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or

---

[1]Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213.

by any order designed to accomplish that purpose directly or indirectly."

Nor may it be extended by the rules of civil procedure. In The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 488, 85 N. W. (2d) 207, 209, we said:

"* * * The court may not * * * under the aforesaid rules [i. e., rules of civil procedure] extend the time for taking an appeal. Appeals are not covered by these rules."[2]

■ Rule 77.04 of the Rules of Civil Procedure reads as follows:

"Immediately upon the filing of an order or decision or entry of a judgment, the clerk shall serve a notice of the filing or entry by mail upon every party affected thereby or his attorney of record, whether or not such party has appeared in the action, at his last known address, and shall make a note in his records of the mailing, but such notice shall not limit the time for taking an appeal or other proceeding on such order, decision or judgment."

It is admitted that the clerk failed to give the notice required by this rule.

Plaintiffs rely on Hill v. Hawes, 320 U. S. 520, 64 S. Ct. 334, 88 L. ed. 283. In that case the Supreme Court of the United States held that under Rule 77(d) of the Federal Rules of Civil Procedure, as it read at that time, a party was entitled to rely on the notice which the clerk was required to give of entry of the judgment and that the trial court could vacate a judgment and enter a new one so as to permit an appeal. Two justices dissented, holding that to permit a trial judge to do so was, in effect, giving the trial judge the power to enlarge the time for appeal as fixed by statute.

At the time the Hill case was decided Rule 77(d) read as follows:

"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an

---

[2]See, 1 Youngquist & Blacik, Minnesota Rules Practice, p. 153.

order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers."

After the decision in Hill v. Hawes, *supra,* the rule was amended on December 27, 1946, effective March 19, 1948, by adding:

"* * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)."[3]

In Notes of Advisory Committee on Amendments to Rules we find the following comment with respect to the amendment of Rule 77(d):[4]

"Rule 77(d) has been amended to avoid such situations as the one arising in Hill v. Hawes, 1944, 64 S. Ct. 334, 320 U. S. 520, 88 L. Ed. 283. * * *

* * * * *

"Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in rule 73(a), the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in rule 77(d) or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice

---

[3]Rule 73(a) of the Federal Rules of Civil Procedure permits the district court to extend the time for appealing not exceeding 30 days from the expiration of the original time prescribed in the rule upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment in the district court. We have no counterpart of Rule 73(a) in our rules or statutes.

[4]See, 3 Youngquist & Blacik, Minnesota Rules Practice, p. 490; 7 Moore, Federal Practice (2 ed.) par. 77.01[4]; 3-A Ohlinger, Federal Practice (Rev. ed.) p. 679.

was not sent or received."

The great weight of authority is that a trial court may not permit, in any indirect manner, an extension of time for taking an appeal, particularly after the time for taking it has already elapsed, so as to evade an express statutory requirement that the appeal must be taken within a certain time. The subject is fully annotated in Annotations, 89 A. L. R. 941 and 149 A. L. R. 740.

In commenting on the decision of Hill v. Hawes, *supra,* the author of the Annotation in 149 A. L. R. 743 says:

"\* \* \* This decision [Hill v. Hawes], which seems to be contrary to the overwhelming weight of authority, constitutes, it is submitted, a serious danger to the principle of certainty and finality of a judgment against which no appeal has been brought within the specified time, which cannot even be justified, as Chief Justice Stone in his dissent points out, by considerations of equity, since the petitioner, by the exercise of the diligence required by the Rules, could have learned of the entry of the judgment against him and have taken a timely appeal."

It is interesting to note the contrast between the court's opinion and that of the dissent in Hill v. Hawes, *supra.* In the court's opinion we find the following (320 U. S. 523, 64 S. Ct. 336, 88 L. ed. 285):

"It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given."

In his dissent, Mr. Chief Justice Stone says (320 U. S. 524, 64 S. Ct. 336, 88 L. ed. 286):

"To say that a district court can rightly extend the prescribed time for taking an appeal by the reentry, pro forma, of a final judgment after the time to appeal from it has expired, is to disregard considerations of certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts. It is to sanction the regulation of the time for appeal by courts, contrary to the appeal statute, and without support in law or any rule of court."

The dissent of Mr. Chief Justice Stone was accepted as the more persuasive of the two opinions by the Arizona court in Old Pueblo Transit Co. v. Corporation Comm. 73 Ariz. 32, 236 P. (2d) 1018. That case involved the construction of a rule, for all practical purposes identical with ours. The court found that the dissenting opinion in the Hill case was the more persuasive of the two and adopted it, concluding that the clerk's notice of entry of judgment was a mere accommodation service and failure on the part of the clerk to perform his duty or failure of the losing party to receive the notice, if the clerk did send it, did not affect the time for appeal. The statement of the applicable law in the Arizona case has been adopted as the law on this subject in the text found in 4A C. J. S., Appeal and Error, § 447, p. 124.

Rule 77.04 of Rules of Civil Procedure supersedes the third sentence of M. S. A. 546.30, which reads:

"* * * When an order or decision is filed, the clerk shall forthwith mail notice thereof to the attorneys of record in such case, but such notice shall not limit the time for taking an appeal or other proceeding on such order or decision."

Although the facts in Johnson v. Union Sav. Bank & Trust Co. 196 Minn. 588, 266 N. W. 169, are somewhat distinguishable from those in the case now before us, the following statements of this court in that case are applicable here (196 Minn. 589, 266 N. W. 170):

"* * * 2 Mason Minn. St. 1927, § 9497 [now M. S. A. 605.08], provides that such an appeal must be taken within 30 days after service of notice upon the adverse party. Plaintiff failed to do so. The statute would serve no purpose were we to permit it to be avoided by allowing such orders to be vacated after the 30-day period had expired merely because the defeated party was mistaken as to the time within which such an appeal must be taken."

The mistake alleged by plaintiff in the Johnson case was that, although he had received notice of the intention of the adverse party to enter judgment, he did nothing because he thought such judgment could not be entered at the time it was because an appeal from the order was pending. In holding that this contention was untenable, we said (196

Minn. 590, 266 N. W. 170):

"* * * The fact that he [defendant] gave plaintiff written notice that judgment was to be entered should have put plaintiff on his guard as to defendant's right to do so pending the appeal even if plaintiff did think defendant was in error by so doing. Apparently plaintiff took no steps to ascertain the correct procedure. To vacate the judgment herein complained of on the grounds suggested would destroy orderly procedure as to appeals in this state."

In the case before us, plaintiffs also had notice of the fact that judgment was about to be entered when service was made upon them of the notice of taxation of costs and entry of judgment. This should have put them on their guard that judgment was about to be entered, but we do not wish to place this decision upon the ground that the court did not abuse its discretion in denying this motion because plaintiffs had failed to exercise due diligence.

In In re Estate of Slimmer, 146 Minn. 429, 178 N. W. 954, we held that the right of appeal from a judgment expires 6 months after the date of the entry of the judgment and that the time for appealing is not extended by service of a notice of motion to vacate the judgment.

It seems to us that the law is clear that the time for appealing from a judgment commences to run upon the entry thereof and that failure of the clerk to comply with Rule 77.04 with respect to service of notice does not affect the time for appealing. Nor does the trial court, after the expiration of the time for appealing, have any power to set aside and vacate such judgment and reenter it for the purpose of giving a party the right to appeal from a judgment after such right has expired.

It is plaintiffs' contention that under Rule 60.02 the court has such right. That rule, as far as here material, reads:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment."

Failure to take an appeal within the 6 months allowed by the statute cannot be considered such mistake, inadvertence, surprise, or excusable neglect as to permit a party to invoke the provisions of this rule.

We do not wish it understood, however, that we condone the action of the clerk of the district court in ignoring the provisions of Rule 77.04. This rule has the force and effect of law.[5] As long as it stands, the clerk of court of Hennepin County is as much bound by it as the clerk of any other county. If, as the clerk states in his affidavit, it is impossible to comply with the rule, proceedings should be instituted, through the medium of this court's advisory committee on rules, to amend or change it. As long as it stands, the clerk has no right to ignore it. The least that should be required of him would be to make a good-faith attempt to comply. Certainly there is no reason why notice could not have been given to the attorney of record for plaintiffs. While the rule is intended for the convenience of the parties and they may not be relieved of the responsibility of ascertaining whether a judgment has been entered and, if so, when it was entered, that does not confer upon the clerk of court any discretion to ignore the rule.

Under the circumstances of this case it is clear that the time for appealing from the judgment had expired and that the court was correct in denying the motion to vacate the judgment in order to extend the time for appealing.

Affirmed.

---

[5]See, Commercial Credit Corp. v. United States (8 Cir.) 175 F. (2d) 905.