## COUNTY OF HENNEPIN v. COUNTY OF BECKER.

135 N. W. (2d) 739.

May 14, 1965—No. 39,632.

---

*Lowell W. Benshoof,* Becker County Attorney, for appellant.

*George M. Scott,* Hennepin County Attorney, and *John K. Harvey,* Assistant County Attorney, for respondent.

FRANK T. GALLAGHER, C.

This action arose out of a dispute between Becker and Hennepin Counties as to the settlement for poor relief of Leonard and Alice Peterson, parents of six minor children. The parties entered into a stipulation of the facts.

On January 23, 1964, the Becker County Welfare Board requested the commissioner of public welfare to make a determination of the settlement of said parents. On *February 14, 1964,* the commissioner determined that Leonard Peterson had gained poor relief settlement in Hennepin County, by March 1, 1963. On *March 25, 1964,* Hennepin County instituted the present proceedings in district court and on August 3, 1964, that court determined Becker County to be the place of settlement for the purpose of charging the welfare funds of that county for the care, examination, or treatment of the minor children of the Petersons, pursuant to the provisions of Minn. St. 260.251, relating to the costs of care of juveniles. Judgment was entered accordingly, from which judgment this appeal was taken.

The only issue we need consider is whether the trial court erred in finding that the County of Hennepin seasonably appealed from the determination of the commissioner.

As already noted, the action in district court was begun about 39 days after the determination of settlement by the commissioner. The statute relating to legal settlement is § 260.251, subd. 3, which provides:

"* * * If a dispute relating to poor relief settlement arises, the county welfare board of the county denying legal settlement shall send a detailed statement of the facts upon which the claim is denied together with a copy of the detailed statement of the facts upon which the claim is based to the commissioner of public welfare. The commissioner shall immediately investigate and determine the question of poor relief settlement and shall certify his findings to the county welfare board

of each county. *The decision of the commissioner is final and shall be complied with unless, within 30 days thereafter, action is taken in district court as provided in sections 261.08 and 261.09."* (Italics supplied.)

In Tombs v. Ashworth, 255 Minn. 55, 95 N. W. (2d) 423, we said that time for perfecting an appeal cannot be extended by order of the court, agreement of parties, or rules of civil procedure.

Becker County asserts that there was nothing in the stipulation of facts to support the finding of the trial court that Hennepin County seasonably appealed from the determination of the commissioner. It is our opinion that the County of Hennepin did not appeal from the commissioner's determination within the time provided by the statute and that under the record here the trial court lacked jurisdiction to hear the matter. It therefore follows that the judgment from which the appeal was taken to this court was void.

Counsel for Hennepin County argues that the copy of the determination of the commissioner forwarded to the Hennepin County Welfare Board was received by that board on March 2, 1964, as shown by the receiving stamp impressed upon it and that this fact was brought to the attention of the trial court prior to making the record. The trial court accepted jurisdiction, apparently on the theory that the time to appeal did not begin to run until the notice of the determination of the commissioner was communicated to the Hennepin County Welfare Board. There is nothing to that effect in the statute, and any change must be a legislative matter.

Reversed.