281 N.W.2d 334 (1979)
STATE of Minnesota, Appellant,
v.
In re Welfare of M. A. P., Respondent.
No. 49089.
Supreme Court of Minnesota.
April 27, 1979.
Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Asst. County Atty., App. Div., David W. Larson, Asst. County Atty., Minneapolis, for appellant.
William R. Kennedy, Hennepin County Public Defender, Patrick J. Sullivan, Gerard W. Snell, and John Ward, Asst. Public Defenders, Minneapolis, for respondent.
Heard before PETERSON, KELLY, and YETKA, JJ., and considered and decided by the court en banc.
PER CURIAM.
This is an appeal by the state of Minnesota from an order of Hennepin County Juvenile Court Judge Lindsay G. Arthur, filed June 6, 1978, vacating his order of May 30, 1978, and reinstating his order filed May 8, *335 1978, in which he approved the findings and recommendation of Referee Michael E. Fridgen to deny the state's motion to have defendant M. A. P. referred for prosecution as an adult.
On March 20, 1978, the juvenile court referee found probable cause to believe that defendant had committed several offenses, including two aggravated robberies, aggravated assault, attempted aggravated robbery, possession of a dangerous weapon, assault, and attempted escape from a juvenile center. At the time these offenses were allegedly committed by defendant, he was 14 years old. The record also indicates that, on numerous occasions in the past, defendant was involved in other crimes and offenses and that he had absconded from detention at various times.
At the hearing on the state's reference motion, several witnesses testified that defendant's acts were dangerous to the public, but that he is amenable to rehabilitation. The testimony also indicated that because of his young age and tendency to abscond, most existing juvenile rehabilitation programs are not suitable for him. As a consequence, a specially tailored program was proposed whereby he would be placed in a secured setting for up to 9 months, then would be returned home or put into a transitional facility and monitored a specified minimum number of hours a week for another 6 months. The program as a whole might last for 18 months.
After the hearing, the referee concluded that defendant is prone to aggressive, violent offenses and is a runner; however, feasible combined programs exist for successfully treating the defendant, while providing adequate protective safeguards for public safety. As a result, the referee determined that the motion for reference should be denied.
The juvenile court judge approved the recommendation, and the order was filed on May 8th. The prosecution then appealed to the juvenile court judge to set aside those findings, which he did on May 30th and which resulted in an order that the defendant be tried as an adult. Defendant then requested an opportunity and was allowed to present oral argument. On June 2, 1978, after the oral argument but before a decision was made, this court decided In re Welfare of C. W. S., 267 N.W.2d 496 (Minn. 1978), which held that the state may not appeal the findings of a juvenile court referee to the juvenile court judge but must appeal to this court. On the basis of that decision, the juvenile court judge, on June 6th, vacated his May 30th ruling, reinstated the findings of the referee, and advised that the state must appeal to the Supreme Court from the referee's decision. The state subsequently appealed to this court on June 15th.
The questions presented on appeal are:
1. Does this court lack jurisdiction to hear this case because the state failed to appeal to this court within 30 days from the filing of the order of the juvenile court judge approving the referee's findings and recommendation?
2. Was the referee's denial of the reference motion clearly erroneous?
Defendant raises the threshold issue that this appeal must be dismissed as untimely because the state failed to appeal within 30 days after the filing on May 8th of the juvenile court judge's order approving the recommendation to deny the reference motion.
The C. W. S. case, relevant statutes, and Rules of Civil Appellate Procedure are instructive in resolving this issue. In C. W. S., the state appealed to the juvenile court judge before he entered a final order concerning the referee's findings and recommendation to dismiss the petition to have the juvenile declared a delinquent. This court granted the juvenile's request for a writ of prohibition, concluding that the state had no authority to request the juvenile court judge to review the referee's determination. 267 N.W.2d 499. Under common law, the court observed, the state had no right to appeal; therefore any such right must be expressly conferred by statute or by necessary implication. 267 N.W.2d 498, citing State ex rel. King v. *336 Ruegemer, 238 Minn. 440, 57 N.W.2d 153 (1953).
Minn.St. 260.031, subd. 4, provides:
"The minor and his parents, guardians, or custodians are entitled to a hearing by the judge of the juvenile court if, within three days after receiving notice of the findings of the referee, they file a request with the court for a hearing. The court may allow such a hearing at any time."
Since the state is not among those statutorily entitled to a hearing before the juvenile court judge, it could not appeal to the juvenile court judge. Rather, the state was compelled to rely on the more general provision allowing "persons aggrieved" to appeal the juvenile court's final order to this court.[1] That phrase has been deemed to include the state. In re Welfare of I. Q. S., 309 Minn. 78, 82, 244 N.W.2d 30, 35 (1976). Similarly, in the instant case, the state may not seek to have the juvenile court judge reconsider the referee's findings and recommendation, even after they were approved by the juvenile court judge and the order was filed.
Under Minn.St. 260.291, the state must appeal to this court within 30 days after the filing of the appealable order. The time for appealing commenced on May 8, 1976. The state appealed on June 15th, about a week after the time for appealing had expired.
Under the Rules of Civil Appellate Procedure, Rule 102 permits this court to suspend the rules for "good cause," but it excepts from that prerogative Rule 126.02. The latter deals with the extension or limitation of time and appears to control here. It provides:
"The Supreme Court for good cause shown may by order extend or shorten the time prescribed by these rules or by its order for doing any act, and may permit an act to be done after the expiration of such time if the failure to act was excusable under the circumstances; but the Supreme Court may not extend or shorten the time for service of a notice of appeal or the time prescribed by law for securing a review of an order of an administrative agency, board, commission or officer, except as specifically authorized by law." (Italics supplied.)
Thus, based on the C. W. S. case, relevant statutory provisions, and the Rules of Civil Appellate Procedure, we decline to accept jurisdiction in this situation.
Although we do not accept jurisdiction here because the appeal was not timely, we want to indicate our position concerning limitations on this court's jurisdiction to hear cases and to express our concern over the state's inability to appeal to the juvenile court from the referee's findings and recommendation.
We seriously question whether this court's jurisdiction to hear suits on appeal may be denied by the legislature. The Judiciary Article of the Minnesota Constitution, art. 6, § 2, states, in part:
"* * * [The Supreme Court] shall have original jurisdiction in such remedial cases as may be prescribed by law, and appellate jurisdiction in all cases, but there shall be no trial by jury in said court." (Italics supplied.)
In In re Appeal of O'Rourke, 300 Minn. 158, 220 N.W.2d 811 (1974), while addressing the issue whether under the County Court Act, Minn.St. c. 487, an appeal to this court could be denied by an act of the legislature or rule of this court, we cited cases that expressed the legislature's power to regulate appeals. However, such regulations were acceptable on comity principles as intended to assist this court in essentially procedural aspects of appellate review. In referring to those cases, we stated:
"They plainly do not hold, in any event, that the legislature may by regulation deny to this court its constitutionally independent appellate authority to review *337 whatever this court deems mandated in the interests of justice."[2] 300 Minn. 175, 220 N.W.2d 821.
We affirm our right to take jurisdiction in those situations where in the interests of justice the merits should be heard. Thus, although the relevant statutory provisions, case law, or Rules of Civil Appellate Procedure might otherwise preclude appellate review because the appeal is not timely, we nevertheless could accept jurisdiction if the interests of justice so warrant. Based on the record and arguments of counsel, we believe that the interests of justice do not warrant our accepting jurisdiction here.
We also want to express our concern respecting the state's inability to appeal to the juvenile court judge from the referee's determinations. Under Minn.St. 260.031, subd. 4, only the minor and certain specified others are entitled to a hearing by the juvenile court judge on the referee's recommendation; the statute does not entitle the state to such a hearing. This is troubling in part because the referee's conclusions are only advisory until confirmed by an order of the juvenile court. See, Minn.St. 260.031, subd. 5. Similarly, after the juvenile court's final order confirming the determination of the referee, the state is without power to seek rehearing in juvenile court. Expediency and the need to conserve the time of this court dictate that the state should have the right to request that the juvenile court judge review both the recommendation of the referee and the juvenile court's confirmation of that recommendation. Given these compelling justifications, we believe the legislature should consider amending the statute.
Appeal dismissed.
PETERSON, Justice (concurring specially).
Although I dissented in the controlling case of In re Welfare of C. W. S., 267 N.W.2d 496 (Minn.1978), I am now bound by it and, for that reason only, concur in today's decision.
KELLY, Justice (concurring specially).
I join in the specially concurring opinion of Justice Peterson for the same reasons.
NOTES
[1] Minn.St. 260.291, subd. 1, states in part: "An appeal may be taken by the aggrieved person from a final order affecting a substantial right of the aggrieved person, including but not limited to an order adjudging a child to be dependent, neglected, neglected and in foster care, delinquent, or a juvenile traffic offender. The appeal shall be taken within 30 days of the filing of the appealable order."
[2] We noted by way of footnote but expressed no view concerning whether the legislature may create a substantive right by statute and, as part of that right, circumscribe the adjudication of the right more narrowly than in other cases, subject to due process. In re Appeal of O'Rourke, 300 Minn. 158, 175 note 11, 220 N.W.2d 811, 821 (1974).