**CITY OF ALBERT LEA, Appellant,**

v.

**Michael George HARRER, Respondent.**

**No. C6–85–1561.**

Court of Appeals of Minnesota.

Feb. 18, 1986.

Kurt S. Fischer, Albert Lea, for appellant.

Richard N. Davies, Peterson, Hanson, Schlichting & Davies, Albert Lea, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

This appeal is from a pretrial order. Respondent Michael Harrer was charged with driving while under the influence of alcohol in violation of Minn.Stat. § 169.121, subd. 1(a) (1984). Harrer moved to dismiss the complaint, arguing his arrest was based on evidence obtained during an illegal detention a few minutes before the DWI arrest. The trial court agreed and issued a pretrial order dismissing the charges against Harrer. The prosecutor then filed a notice of appeal. Harrer contends the appeal is not timely taken and should be dismissed. We agree and dismiss.

## FACTS

Albert Lea police officer John Michael Wondra received a description of a suspect in a possible assault from the radio dispatcher. He stopped Harrer, who was in the proximity of the scene and matched the description of the possible assailant. Wondra took Harrer to the scene in the squad car. When the victim indicated she had not gotten a good look at her attacker, Harrer was released. Wondra told him not to drive because he appeared intoxicated.

Immediately thereafter, Wondra saw Harrer driving and arrested him for DWI. Harrer moved to dismiss the charges, arguing the evidence obtained during the prior invalid investigatory stop or illegal arrest was suppressible. At a pretrial hearing the trial court ruled there was no probable cause for the initial stop and ordered the observations suppressed. No probable cause then existed to support the arrest for DWI, and the complaint was dismissed.

The written pretrial order was filed August 8, 1985. The clerk of court placed the prosecutor's copy of the order in his mailbox located in the county courthouse. The prosecutor mailed a notice of appeal on August 16, 1985. Harrer objects, contend-

ing among other things that the appeal was not timely taken.

## ISSUE

Was appellant's notice of appeal timely filed?

## DISCUSSION

Harrer contends this appeal should be dismissed because the prosecution failed to file a timely appeal. A prosecutor must appeal from a pretrial order "[w]ithin five (5) days after entry of the order staying the proceedings." Minn.R.Crim.P. 28.04, subd. 2(2). Although there was no need for a stay in this case because the trial court's order dismissed the complaint, the rule has been interpreted to require appeal to be taken within five days of entry of the trial court's order. *See State v. White*, 369 N.W.2d 301, 303 (Minn.Ct.App.1985) (appeal from pretrial order dismissing charges on grounds of double jeopardy timely because filed within five days of receiving actual notice of the order and notifying the trial court of intent to appeal).

The pretrial order was filed August 8, 1985. At oral argument before this court, it was revealed that there is a "mailbox" in the county courthouse for the convenience of local attorneys.[1] It is the practice of the clerk of court to place court orders in this mailbox, presumably to save postage. The clerk apparently placed this pretrial order in the mailbox on August 8, 1985. The city attorney indicated to us that he picked up his mail on August 14, gave oral notice of intent to appeal *to the clerk* (not to the trial court as required by rule 28.04) on August 15, and mailed the notice of appeal on August 16.[2]

Minn.R.Crim.P. 33.03 requires the clerk "immediately upon entry of an order" to mail a copy of the order to the parties. *Id.* The clerk cannot ignore this rule even if

---

1. The city attorney's office is not located in the courthouse but is several blocks away.

2. Minn.R.Crim.P. 34.01 provides that Saturdays and Sundays are not counted in calculating time periods of seven days or less. Therefore, the prosecution had until August 15 to mail a notice of appeal.

inconvenient and burdensome. *See Tombs v. Ashworth*, 255 Minn. 55, 95 N.W.2d 423 (1959) (clerk is bound by Minn.R.Civ.P. 77.-04, which is identical to Minn.R.Crim.P. 33.-03, and has no right to ignore it because "the burden of sending such notices would amount to a physical impossibility").

■ In this instance the procedure followed by the clerk was agreed upon by the city attorney. The clerk and city attorney cannot agree to ignore the rules, particularly without the defendant's consent. The city attorney admitted at oral argument that several local law firms require the clerk to mail orders and refuse to participate in this informal mailbox procedure. We therefore deem the notice of appeal untimely because it was not filed within five days of August 8, 1985, the date of entry of the pretrial order.

■ Although this result may seem harsh, the right of a prosecutor to appeal should be strictly construed. The fifth amendment prohibition against double jeopardy places constitutional limits on government appeals in criminal cases; the government may appeal only pursuant to express statutory authority. *See Arizona v. Manypenny*, 451 U.S. 232, 245, 101 S.Ct. 1657, 1666, 68 L.Ed.2d 58 (1981). Strict construction of any right to appeal avoids excessive intrusion into this constitutional protection.

## DECISION

The prosecutor's agreement upon an informal mailing which ignores the rules of criminal procedure does not excuse late filing of an appeal; the notice of appeal was therefore not timely filed.

Dismissed.

FOLEY, Judge (dissenting).

I dissent from the majority. I would accept the appeal and consider its merits because the appeal was timely filed based on the date the prosecutor actually received notice of the entry of judgment. This notice of entry was delayed only because the clerk of court failed to carry out his legally-mandated duty, to immediately upon the entry of the order "mail to each party a copy thereof and * * * make a record of the mailing." Minn.R.Crim.P. 33.03.

The requirement to mail implies an affirmative duty to mail the order to the last known address of the party via the United States Postal Service. Here, the clerk of court put the order in a self-made box, located in the county courthouse, on August 8, 1985. These boxes were apparently constructed for use by local attorneys, although not all local attorneys were willing to use this system. The prosecutor does not have offices within the courthouse.

This court should not condone the clerk's failure to comply with the rules. *See Tombs v. Ashworth*, 255 Minn. 55, 63, 95 N.W.2d 423, 428 (1959). The failure to receive notice of the entry of judgment can only be attributed to the clerk's failure to follow the rules. There is no indication that appropriate mailed notice was attempted.

Although Minn.R.Crim.P. 28.04, subd. 2(2) establishes a five-day period for a prosecutor to appeal a pretrial order following its *entry*, this rule is intertwined with the presumption that the clerk of court will follow the mandate of Minn.R.Crim.P. 33.-03 to immediately mail a copy of the order to each party. Read together, these rules clearly intend the prosecutor be granted only a short period in which to act. If a mailed notice takes three days, the prosecutor would have two days to act. Here, the prosecutor filed his notice of appeal two days after receiving a copy of the entered order. I do not believe this interpretation of the rules expands the prosecutor's right to appeal as implied by the majority. Instead, I think the majority opinion takes away a right accorded the prosecutor by the rules.