STATE OF MINNESOTA

IN SUPREME COURT

A24-0787

Court of Appeals

Procaccini, J.
Took no part, Hudson, C.J., Gaïtas, J.

Wells Fargo Bank, National Association,

Respondent,

vs.

Filed: July 23, 2025
Office of Appellate Courts

True Gravity Ventures, LLC, et al.,

Respondents,

Astra Genstar Partnership, LLP,

Appellant.

_____

Charles E. Nelson, Ballard Spahr LLP, Minneapolis, Minnesota, for respondent Wells Fargo Bank, National Association.

Howard A. Roston, Devin T. Driscoll, Fredrikson & Byron, P.A., Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

1.      Minnesota General Rule of Practice 14.01(c)(2), which applies in Minnesota district courts, does not authorize appellate courts to reinstate a late appeal.

2.      The interests of justice warrant reinstatement of this late appeal because the court administrator did not immediately transmit notice of entry of judgment to the parties

1

as required by Minnesota Rule of Civil Procedure 77.04, and neither party received notice of the judgment until after the time for appeal had expired.

Reversed and remanded; appeal reinstated.

O P I N I O N

PROCACCINI, Justice.

This case involves a late appeal caused by the court administrator's failure to immediately transmit notice of entry of judgment to the parties as required by Minnesota Rule of Civil Procedure 77.04. The court of appeals dismissed the appeal, enforcing the deadline in our rules, which is based on the date that judgment is entered. *See* Minn. R. Civ. App. P. 104.01, subd. 1 (stating that "[a]n appeal may be taken from a judgment within 60 days after its entry"). Appellant Astra Genstar Partnership, LLP, (Astra) asks us to reinstate its appeal because the parties received notice that the district court had entered judgment only after the time to appeal had expired. Because Astra missed the appellate deadline due to a court oversight—the court administrator's failure to comply with Rule 77.04—we conclude that the circumstances here warrant exercising our inherent authority to allow this appeal to proceed. For that reason, we reverse the court of appeals and reinstate Astra's appeal.

**FACTS**

Respondent Wells Fargo Bank, National Association, (Wells Fargo) filed a complaint against appellant Astra and others, seeking declaratory judgment related to a property that Wells Fargo bought at a foreclosure sale. Astra had the right to develop the property under a 2011 Planned Unit Development contract with the City of Farmington

2

that ran with the property. In its complaint, Wells Fargo requested a declaration that all previously held interests in the property, including Astra's interest, were terminated when Wells Fargo bought the property. Astra filed an answer asking the district court to deny Wells Fargo its requested relief. Wells Fargo then moved for judgment on the pleadings.

Two weeks after a hearing on Wells Fargo's motion for judgment on the pleadings, the district court granted Wells Fargo's motion. The district court ruled that Wells Fargo was entitled to declaratory judgment that any interest Astra had in the property, including the right to develop it under the Planned Unit Development contract, was terminated by the foreclosure sale and the running of the redemption period. The district court filed its order for judgment and directed entry of judgment on December 28, 2023. The same day, the court administrator filed a notice of entry of judgment. For reasons unknown, the parties did not receive the notice of the district court's order or the entry of judgment at that time.[1] The lack of notice to the parties was inconsistent with Minnesota Rule of Civil Procedure 77.04, which requires the court administrator to "[i]mmediately . . . transmit a notice of the filing or entry by mail, e-mail, or by use of an e-filing and e-service system, to every party."

Under the Rules of Civil Appellate Procedure, a party must appeal a judgment within 60 days of its entry. Minn. R. Civ. App. P. 104.01, subd. 1. Because the judgment was entered on December 28, 2023, Astra's appeal was due on February 26, 2024. On

---

[1] At oral argument, counsel for both parties confirmed that they did not receive the notice of entry of judgment on December 28, 2023 and that they were unaware of the district court's judgment until March 15, 2024.

March 15, 2024, after the appeal deadline had passed, Wells Fargo served notice of entry of the December 28, 2023 judgment. Wells Fargo's notice stated that the district court had e-served the notice of entry of judgment on all parties on March 15, 2024. On May 13, 2024, fewer than 60 days after Wells Fargo filed its notice and the district court e-served its notice, Astra appealed the judgment to the court of appeals. In response to a request from the court of appeals, both parties filed memoranda addressing appellate jurisdiction.

Wells Fargo asserted that the appeal should be dismissed because it was late under Minnesota Rule of Civil Appellate Procedure 104 and *Tombs v. Ashworth*, 95 N.W.2d 423, 428 (Minn. 1959). Astra acknowledged that its appeal was late under Rule 104 but argued that the appeal should proceed for two reasons. First, Astra asked the court of appeals to allow the appeal to proceed "in the interests of justice." Astra noted that it did not receive any notice of the district court's judgment until March 15, 2024 and that its tardy appeal was "not caused by [its] own lack of due diligence" but by the court administrator's failure to notify the parties about the judgment, as required by Minnesota Rule of Civil Procedure 77.04. Second, in the alternative, Astra asserted that the court of appeals should allow the appeal to proceed based on Rule 14.01(c)(2) of the Minnesota General Rules of Practice for the District Courts. Rule 14.01(c)(2) provides that "[u]pon motion and a showing that an electronically served document was unavailable to or not received by a party served, the court may enter an order extending the time for responding to that document." Astra argued that Rule 14.01(c)(2) "expressly provid[es] a safety valve for instances . . . when a document should have been—but was not—disseminated by [e-filing]." Astra maintained

4

that Rule 14.01(c)(2) authorizes the court of appeals to extend the time to appeal in these instances.

The court of appeals rejected Astra's arguments and dismissed the appeal. *Wells Fargo Bank, Nat'l Ass'n v. True Gravity Ventures, LLC*, A24-0787, 2024 WL 2874138, at *2 (Minn. App. June 4, 2024). The court of appeals explained that it could not accept jurisdiction over a late appeal or extend the time for filing a notice of appeal in the interests of justice. The court of appeals further explained that Rule 14.01(c)(2) governs the electronic service of documents only in district court and is not incorporated into the Rules of Civil Appellate Procedure. Accordingly, the court of appeals concluded that Rule 14.01(c)(2) does not authorize an appellate court to accept a late appeal.

Although it rejected Astra's arguments based on its interpretation of the relevant rules, the court of appeals noted that this court has inherent authority to reinstate an appeal in the interests of justice. And the court of appeals noted that Astra made a "compelling argument" and that the circumstances of the case would warrant "serious consideration" if the court of appeals had authority to extend the time to file a civil appeal in the interests of justice. *Wells Fargo Bank*, 2024 WL 2874138, at *2. Astra petitioned for review of the issues addressed by the court of appeals. We granted review.

**ANALYSIS**

This case presents a conundrum of our own making. Under our rules, the period to appeal a civil judgment runs from entry of judgment. And our rules provide a way for parties to receive notice of such a judgment, by requiring the court administrator to transmit

5

notice of entry of judgment. But our rules provide no avenue for parties to seek relief when the court administrator fails to provide the required notice.

In addressing the issues presented by the parties, we must first decide whether Rule 14.01(c)(2) of the General Rules of Practice for the District Courts authorizes relief for a late appeal caused by a court administrator's error. Because we conclude that Rule 14.02(c)(2) does not apply to the appellate courts and therefore does not provide relief here, we next consider whether to reinstate this appeal in the interests of justice. We conclude that—given the unique circumstances of this case—the interests of justice compel reinstatement of the appeal.

I.

We first address whether Minnesota General Rule of Practice 14.01(c)(2) provides the relief that Astra seeks by allowing an appellate court to reinstate a late appeal when the court administrator fails to transmit notice of entry of judgment as required by Minnesota Rule of Civil Procedure 77.04. Interpretation of our court rules presents a question of law that we review de novo. *Stern 1011 First St. S., LLC v. Gere*, 979 N.W.2d 216, 220 (Minn. 2022); *Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn. 1997). When interpreting court rules, "we look first to the plain language." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014).

Astra asserts that the court of appeals erred when it concluded that Rule 14.01(c)(2) applies only to the district courts and does not allow appellate courts to grant relief for a late appeal. We are unpersuaded.

In 2012, under our inherent rulemaking authority, we adopted Minnesota Rule of General Practice 14 "to provide a uniform structure for implementation of e-filing and e-service in the district courts." Promulgation of Amendments to the Minn. Gen. Rules of Prac., No. ADM10-8011, Order at 14–20 (Minn. filed May 24, 2012); *see* Minn. Gen. R. Prac. 14 advisory comm. cmt.—2012. In recognition of the rare, but inevitable, circumstance when the e-filing system is either not available or not functioning as intended, we included a way to provide relief from technical errors attributable to the e-filing system—Rule 14.01(c)(2).[2] Promulgation of Amendments to the Minn. Gen. Rules of Prac., No. ADM10-8011, Order at 14–20 (Minn. filed May 24, 2012).

When viewed in isolation, Rule 14.01(c)(2) seems to offer Astra a lifeline. But when viewed in context, it simply does not apply here. Rule 14.01(c)(2) states: "Upon motion and a showing that an electronically served document was unavailable to or not received by a party served, the court may enter an order extending the time for responding to that document." Astra contends that because Rule 14.01(c)(2) refers only to "the court," the rule applies not only to the district court but also to the appellate courts. But Astra cites no authority to support its assertion that "the court" referenced in Rule 14.01(c)(2) includes an appellate court. And we do not "examine [court] rules in isolation, but instead read them in light of one another." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382

---

[2] In 2015, we expanded the e-filing rules by adopting Rule 14.03(f), which authorized the courts to transmit documents and notices to parties through the e-filing system. Promulgation of Amendments to the Minn. Gen. Rules of Prac., No. ADM09-8009, Order at 25 (Minn. filed Apr. 22, 2015). The record shows that, pursuant to this practice, the court administrator in this case generally used the e-filing system to transmit notices to the parties.

(Minn. 2008) (citation omitted) (internal quotation marks omitted).  Minnesota Rule of General Practice 1.01 provides that the Minnesota Rules of General Practice "apply in all *trial* courts of the state."  (Emphasis added.)  Here, Astra sought relief from the court of appeals.  The court of appeals is not a "trial" court.  *See Trial Court, Black's Law Dictionary* (12th ed. 2024) (defining "trial court" as "[a] court of original jurisdiction where the evidence is first received and considered").  Astra makes no argument that the court of appeals (an appellate court) is a trial court, and it points to no rulings of this court extending the General Rules of Practice for the District Courts to the appellate courts in this context.

For these reasons, the court of appeals correctly concluded that Rule 14.01(c)(2) does not provide relief to Astra.

II.

Although we conclude that Rule 14.01(c)(2) does not apply here, that does not end our analysis.  We next consider whether to reinstate Astra's late appeal in the interests of justice.  We have the "right to take jurisdiction in those situations where in the interests of justice the merits should be heard" even if "case law, or [the] Rules of Civil Appellate Procedure might otherwise preclude appellate review because the appeal is not timely." *State v. M.A.P.*, 281 N.W.2d 334, 337 (Minn. 1979).  We exercise this authority only "on the basis of peculiar facts" because "it is an exceptional case that merits . . . a departure from the rules . . . and leads the court to invoke our inherent powers." *In re Welfare of J.R., Jr.*, 655 N.W.2d 1, 4 (Minn. 2003).  Although "[l]imitations on time to appeal are designed to expedite the final resolution of litigation," we must also give "due

consideration to fairness and certainty of procedure." *Commandeur LLC v. Howard Hartry, Inc.*, 724 N.W.2d 508, 511 (Minn. 2006) (citation omitted) (internal quotation marks omitted). And we observe our "longstanding" policy "to preserv[e] the right to appeal and avoid setting a trap for the unwary." *City of Waconia v. Dock*, 961 N.W.2d 220, 227 (Minn. 2021) (alteration in original) (citation omitted) (internal quotation marks omitted).

Astra asserts that the interests of justice favor reinstatement of its appeal because its tardiness was caused by the court administrator's failure to transmit notice of entry of judgment, not by Astra's lack of diligence. *See* Minn. R. Civ. P. 77.04 ("Immediately upon the filing of an order or decision or entry of a judgment, the court administrator *shall* transmit a notice of the filing or entry . . . to every party." (emphasis added)). Wells Fargo asserts that it would suffer prejudice if we were to reinstate this appeal after such a long delay. For the reasons that follow—and because the circumstances of this case show that we may have created an unfair trap for the unwary in our rules—we ultimately agree with Astra that its appeal should proceed.

Under our rules, notice is required to start the appeal period from an *order*, but no such notice is required to start the appeal period for an appeal from a *judgment*. *See* Minn. R. Civ. App. P. 104.01.[3] This means that the appeal deadline for filing an appeal may

---

[3] Had this appeal been from an *order*, it would have been timely because Wells Fargo did not serve notice of entry of judgment on Astra until March 15, 2023—fewer than 60 days before Astra filed its notice of appeal. *See* Minn. R. Civ. App. P. 104.01, subd. 1. But because this appeal instead stems from a *judgment*, the time for Astra's appeal began to run upon entry. *Id.*

9

expire before a party receives notice of the court's decision. Rule 77.04 would seemingly remedy this problem because it requires the court administrator to "[i]mmediately . . . transmit a notice of the filing or entry . . . to every party." But because we provide no relief when a court administrator fails to comply with Rule 77.04, the issue persists.[4]

We have reinstated appeals where the court's error—and not a party's error—has contributed to the filing of a late appeal. *See E.C.I. Corp. v. G.G.C. Co.*, 237 N.W.2d 627, 629 (Minn. 1976) (holding that the interests of justice supported reinstatement of an appeal where the court clerk's error led to the late filing of the appeal); *see also In re Welfare of Child of A.N.C.*, No. A25-0070, Order at 1 (Minn. filed Mar. 5, 2025); *Esposito v. W. Peyton Co.*, No. A24-1058, Order at 1 (Minn. filed Nov. 27, 2024). And we have accepted jurisdiction over a late appeal where governing procedural rules presented the "risk of confusion." *In re Welfare of S.M.E.*, 725 N.W.2d 740, 744 (Minn. 2007); *see also In re Welfare of Child. of L.M.L.*, No. A22-0493, Order at 1 (Minn. filed June 10, 2022); *In re Welfare of Child. of S.B.-H.L.*, No. A21-1498, Order at 1 (Minn. filed Jan. 4, 2022). Here,

---

[4]    Rule 77.04 also states that "[n]otice under this rule shall not *limit* the time for taking an appeal." Minn. R. Civ. P. 77.04 (emphasis added). Astra asserts that we should not read this language to preclude a lack of notice under Rule 77.04 from *extending* the time to appeal. But this interpretation of Rule 77.04 is unworkable because it would conflict with the plain language of Minnesota Rule of Civil Appellate Procedure 104.01. Rule 104.01 directs that "an appeal may be taken from a judgment within 60 days after its *entry*." Minn. R. App. P. 104.01 (emphasis added). Under Rule 104.01, the relevant date for the timing of an appeal is the date when the district court entered judgment, regardless of whether the court administrator transmitted notice of entry of that judgment. That said, Astra has highlighted a gap in our rules that appears to present the "risk of confusion," which bolsters our conclusion that the interests of justice favor reinstating this appeal. *In re Welfare of S.M.E.*, 725 N.W.2d 740, 744 (Minn. 2007).

10

the district court filed and entered the order for judgment two weeks after taking the matter under advisement. The court administrator did not notify the parties of the court's judgment. *See* Minn. R. Civ. P. 77.04. And the parties agree that they were unaware of the judgment until after the deadline to appeal had expired. All of these facts support reinstatement of this appeal in the interests of justice.

We recognize and appreciate Wells Fargo's argument that it will suffer prejudice in the form of a lengthy delay if we reinstate this appeal. There is no denying that this appeal likely would have been resolved long ago had Astra met the deadline for filing its notice of appeal. On balance, however, principles of fairness and our policy "against setting traps" favor reinstatement of this appeal. *City of Waconia*, 961 N.W.2d at 227; *Commandeur LLC*, 724 N.W.2d at 511. Because the parties agree that they did not receive notice of the district court's judgment before the deadline to appeal, and because that lack of notice is attributable to the court administrator and not the parties, we conclude that the interests of justice favor allowing this appeal to proceed.

Our decision in *Tombs v. Ashworth*, 95 N.W.2d at 428, does not require a different conclusion. In *Tombs*, we stated that "neither the supreme court nor the district court can extend the time for appeal" and that the time for taking an appeal cannot be extended by the rules of civil procedure because "[a]ppeals are not covered by [the Minnesota Rules of Civil Procedure]." *Id.* at 425 (internal quotation marks omitted) (citation omitted). But the governing constitutional and statutory provisions—as well as the applicable rules—underlying those statements in *Tombs* are fundamentally different today.

11

In *Tombs*, we relied on two cases to support our conclusion that neither this court nor the rules of civil procedure could extend the time for appeal: *Weckerling v. McNiven Land Co.*, 42 N.W.2d 701, 704 (Minn. 1950), and *Jesmer Co. v. Wurdemann-Hjelm Corp.*, 85 N.W.2d 207, 209 (Minn. 1957). *Tombs*, 95 N.W.2d at 425. But when we decided *Weckerling*, the Minnesota Constitution expressly stated that the "[l]egal pleadings and proceedings in the Courts of this State *shall be under the direction of the Legislature.*" Minn. Const. of 1857, art. VI, § 14 (emphasis added). The people of Minnesota repealed that language in 1956. *See* Act of Apr. 18, 1955, ch. 881, §§ 1–12, 1955 Minn. Laws 1550, 1550–53; *see also* Secretary of State, *Minnesota Legislative Manual 2023–24*, 79 (2023) (939,957 "Yes" Votes; 307,178 "No" Votes; 1,443,856 Total Votes). And when we issued *Jesmer* the year after the constitution was amended, not only did that opinion rely on *Weckerling*, but it was still the case that the time to appeal was "fixed by statute" and that "[a]ppeals [we]re not covered by the[] rules." *Jesmer*, 85 N.W.2d at 209.

In 1967 we adopted the Minnesota Rules of Civil Appellate Procedure, which largely superseded the statutory provisions relating to appeals. *See* 3 Erica A. Holzer & Katherine S. Barrett Wiik, *Minnesota Practice—Appellate Rules Ann.* § 101.4 (June 2024 update); *see also* Minn. R. App. P. 104.01 advisory comm. note—1967 (noting that Rule 104.01, when first promulgated, mirrored Minnesota Statutes section 605.08(1) (1963)). And in 1974 the Legislature formally repealed the statute setting appellate deadlines. Minn. Stat. § 605.08 (repealed 1974). Since then, we have repeatedly emphasized our inherent authority to govern court procedures. *State v. Willis*, 332 N.W.2d 180, 184 (Minn. 1983) ("[T]he judicial function constitutionally empowers the courts to make their

own rules of procedure."); *State v. Johnson*, 514 N.W.2d 551, 553–54 (Minn. 1994) (recognizing that "since the 1956 amendment to the Judiciary Article of the Minnesota Constitution removed the constitutional requirement that pleadings and proceedings be under the direction of the legislative body," our rules of procedure govern on the topic).

Moreover, since the 1956 constitutional amendment eliminating the Legislature's authority to dictate court rules and our subsequent adoption of court rules, we have also exercised our inherent powers—in appropriate and narrow circumstances—to accept jurisdiction over appeals filed after the deadline in our rules. *See, e.g.*, *E.C.I.*, 237 N.W.2d at 629; *M.A.P.*, 281 N.W.2d at 337; *J.R.*, 655 N.W.2d at 4. Given the history and development of the law in the past six decades, the constitutional and statutory provisions that served as the basis of our decision in *Tombs* no longer exist. For this reason, *Tombs* does not control the issue before us. Rather, the issue stems from our exercise of our inherent authority to make rules governing court procedure. The remedy to this issue lies in our inherent authority to reinstate an appeal in the interests of justice—authority that we exercise today.

We also note that strict application of our outdated language from *Tombs* would only exacerbate a trap for the unwary that we have set in our current rules. When we decided *Tombs*, the time for appealing from a judgment was governed by statute, not court rule. *See Tombs*, 95 N.W.2d at 425; Minn. Stat. § 605.08 (1957) (repealed 1974). The appeal period was three times longer than the current one. *Compare* Minn. Stat. § 605.08 (1957) (six-month deadline for appeals from judgments) (repealed 1974), *with* Minn. R. App. P. 104.01, subd. 1 (60-day deadline for appeals). And the district court's statutory

deadline to issue a decision (five months) was shorter than the deadline to appeal (six months). *See* Minn. Stat § 546.27 (1957); Minn. Stat. § 605.08 (1957) (repealed 1974). In other words, when we decided *Tombs*, the appeal period was long enough that—even if a party did not receive notice of the district court's decision—the party could inquire about the status of the court's decision upon the arrival of the statutory deadline for the decision's issuance and still have a month left before their appeal was due.

The timing is different today. District courts now have 90 days to issue their decisions,[5] Minn. Stat. § 546.27, subd. 1(a) (2024), but parties have only 60 days to take an appeal from a judgment, Minn. R. App. P. 104.01, subd. 1. This allows for the circumstances here: Without notice of the district court's decision, a party anticipates a decision based on the district court's statutory timeline only to realize that the court has already issued the decision, and the deadline to appeal has passed.

This case illustrates that our current rules set a trap for the unwary. Our rules require the court administrator to transmit notice of the district court's order or judgment. *See* Minn. R. Civ. P. 77.04. But our rules do not provide for a remedy when the court administrator does not do so. This gap in our rules runs contrary to our "longstanding" policy "to preserv[e] the right to appeal and avoid setting a trap for the unwary." *City of Waconia*, 961 N.W.2d at 227 (alteration in original) (citation omitted) (internal quotation marks omitted). This not an unsolvable problem. The Rules of Federal Appellate Procedure provide a remedy to parties faced with the circumstances presented

---

[5]     *See* Act of June 6, 1969, ch. 1034, § 1, 1969 Minn. Laws 2094, 2094 (amending the district court's deadline from five months to 90 days).

here—permitting the district court to reopen the time to appeal for a 14-day period. *See* Fed. R. App. P. 4(a)(6); *see also* Fed. R. App. P. 4(a)(6) advisory comm. note—1991 amendment (stating that the rule "provides a limited opportunity for relief in circumstances where the notice . . . pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal"). By our count, at least 26 states have adopted similar rules, allowing parties to seek relief in these circumstances or from the consequences of a late appeal more generally.[6] And eleven other states have avoided this problem by expressly providing that the time to file an appeal does not begin until service of notice of entry of judgment.[7] In other words, Minnesota is in the minority of states where the procedural rules set the trap presented here and also fail to provide relief when a party, through no fault of its own, is caught in the snare.

We also recognize that the court of appeals currently lacks authority to reinstate a late appeal if this problem recurs. Because our rules do not authorize the court of appeals

---

[6] *See, e.g.*, Ala. R. Civ. P. 77(d); Ariz. R. App. P. 9(f); Ark. R. App. P. Civ. 4(b)(3); Fla. R. App. P. 4(a)(6); Ga. Code Ann. § 5-6-38, Ga. Code Ann. § 15-6-21; Haw. R. App. P. 4(a)(4); Ill. S. Ct. R. 303(d); Ind. Trial R. 72(e); Iowa R. App. P. 6.101(5); Kan. Stat. Ann. § 60-2103 (2024); Ky. R. Civ. P. 77.04(2); Me. R. App. P. 2B(d)(2); Mass. R. App. P. 4(c); Mich. Ct. R. 7.204(A)(3); Miss. R. App. P. 4(h); Mo. Sup. Ct. R. 74.03; Neb. Rev. Stat. §§ 25-2001, 25-1301.01 (2024), *Nye v. Fire Grp. P'ship*, 642 N.W.2d 149 (Neb. 2002); N.J. Ct. R. 2:4-4; N.M. R. Ann. 12-201(E); R.I. Sup. Ct. R., Art. I, R. 4(a); Tex. R. Civ. P. 306a(4); Utah R. App. P. 4(e); Vt. R. App. P. 4(c); Va. Code Ann. § 8.01-428(C) (2024); W. Va. R. App. P. 5(i)(1); Wis. Stat. § 808.04(1) (2024).

[7] *See, e.g.*, Alaska R. App. P. 204(a)(1); Cal. R. Ct., R. 8.104(a); Colo. App. R. 4(a); Conn. Gen. Stat. § 51-53(a) (2024); Mont. R. App. P. 4(5)(a)(i); N.H. Sup. Ct. R. 7(1)(A); N.C. R. App. P. 3(c); N.D. R. App. P. 4(a)(1); Ohio App. R. 4(A)(3); Pa. R. App. P. 108(b); S.C. App. Ct. R. 203(b).

to allow an appeal to proceed in these circumstances, appellants are left with no other choice than to petition this court for further review in hopes that we will, in the interests of justice, provide a remedy. This leaves the parties in limbo for a significant period before any appeal, if allowed to proceed, can begin. We are aware of the prejudice that may result from this delay.

For all these reasons, it may be time for us to consider whether the Minnesota Rules of Civil Appellate Procedure should provide a remedy for the circumstances presented here—when the court administrator does not provide notice as required by Rule 77.04 and the parties are unaware of the district court's judgment as a result. But that is beyond the scope of our role in this case. The consideration of any amendments to the rules is best left to our rulemaking process. Here, it is enough for us to recognize that, under the governing rules and the unique circumstances of this case, the interests of justice require that we allow this appeal to proceed.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the court of appeals and remand with instructions to reinstate the appeal.

Reversed and remanded; appeal reinstated.


HUDSON, C.J., and GAÏTAS, J., took no part in the consideration or decision of this case.

16