**STATE of Minnesota, Respondent,**

v.

**George THOMAS, etc., Appellant.**

No. C6–85–507.

Supreme Court of Minnesota.

July 26, 1985.

534

C. Paul Jones, Minnesota State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Defendant seeks further review of an order of the Court of Appeals denying his motion, pursuant to Minn.R.Crim.P. 28.02, subd. 4(3),[1] for an extension of time to file his appeal from judgment of conviction of second-degree murder. The Court of Appeals concluded that it did not have authority to grant the extension. In reaching this conclusion, the court reasoned that the defendant's appeal was a *sentencing appeal* because it raised only a sentencing issue and that the extension provision of Rule 28.02, subd. 4(3), does not apply to such an appeal.[2] We grant the petition, reverse the order and remand for further proceedings.

■ A criminal defendant has three basic means of appealing a sentencing issue to the Court of Appeals. First, he may obtain an expedited appeal of the sentence, reserving for an appeal from judgment of conviction any other issues he may want to raise. Minn.R.Crim.P. 28.05. Second, he

---

**1.** This rule provides in relevant part:

For good cause the trial court or a judge of the Court of Appeals may, before or after the time for appeal has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed herein for appeal.

**2.** Specifically, the Court of Appeals stated:

When a defendant appeals the judgment of conviction and the sentence he "has the option of combining the two appeals into a single appeal; when this option is selected the procedures established by Minn.R.Civ.App. [sic] P. 28.02 of these rules shall continue to apply." Minn.R.Civ.App. [sic] P. 28.05, subd. 1(1). However, in this case appellant is not combining an appeal from the judgment of conviction and the sentence. No issues concerning the judgment of conviction have been raised. Therefore, the procedures established by Rule 28.02 do not apply unless incorporated by Rule 28.05, subd. 1(4). Other than as specified above, the sentencing appeal procedures in Rule 28.05 do not incorporate the extension provision in Rule 28.02, subd. 4(3). *See,* Rule 28.05, subd. 1(4).

This court is without jurisdiction to extend the time for filing a sentencing appeal. Rule 28.01, subd. 3.

may appeal from the judgment of conviction, raising any issues, including sentencing issues. *See, e.g., State v. Herberg*, 324 N.W.2d 346 (Minn.1982) (appeal from judgment which raised only sentencing issues).[3] Third, if the time for direct appeal has expired, he may petition for postconviction relief on sentencing issues or other issues in the district court, then appeal the denial of the relief. *See, e.g., Jackson v. State*, 329 N.W.2d 66 (Minn.1983) (holding that a defendant may attack a sentencing departure in a postconviction proceeding).

■ The appeal in this case is an appeal from the judgment of conviction. The fact that the brief filed in the Court of Appeals raises only a sentencing issue does not alter the fact that the appeal is from the judgment of conviction. We conclude that under Rule 28.02, subd. 4(3), the Court of Appeals has authority to grant the extension.

Petition granted, order reversed and case remanded for further proceedings.

---

**3.** The public defender, in order to protect the rights of any criminal defendant represented by the office, routinely files a notice of appeal from the judgment before the time period for appeal from judgment expires. Then a decision is sometimes subsequently made to dismiss the appeal, sometimes to raise only nonsentencing issues, sometimes to raise both sentencing and nonsentencing issues, and sometimes to raise only sentencing issues.