STATE of Minnesota, Respondent,

v.

Peter VIKERAS, Jr., Appellant.

No. C6–85–1317.

Court of Appeals of Minnesota.

Nov. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted County Atty., Michael S. Husby, Asst. County Atty., Rochester, for respondent.

C. Paul Jones, State Public Defender, Susan K. Maki, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Peter Vikeras, Jr. pleaded guilty to kidnapping, Minn.Stat. § 609.25, subd. 1(1) and subd. 2(2) (1982) and Minn. Stat. § 609.11 (1982). Following a reduction in the presumptive mandatory minimum sentence for gun related offenses from 54 to 36 months, the trial court maintained appellant's original sentence and denied his subsequent petition for post-conviction relief. We affirm.

## FACTS

Appellant was a terminal manager for Gazda Moving Company and converted funds for his own use in 1982. He reported this to his employer and was given until December 17, 1982 to present a repayment plan.

On December 15, 1982 appellant decided to secure funds by kidnapping Robert Walker's wife. Walker, the president of the Kahler Corporation, had been moved by Gazda from Texas the year before. The next day around 2 p.m., appellant posed as a magazine photographer and pulled a door handle on Mrs. Walker. Apparently the door handle resembled a gun. Mrs. Walker, allowed to wear a hat, coat and gloves, was led to appellant's van and placed inside a large crate. Appellant drove around the city of Rochester and made a $200,000 ransom demand from Walker. Around 7:00 p.m. appellant took Mrs. Walker to the Gazda Moving Company and hid her in a semi-trailer. He gave her some blankets and put her in a large wooden vault in the back of the trailer.

Appellant made arrangements with Walker to have the ransom money left near a truck stop south of Rochester and promised to release Mrs. Walker one hour later. Appellant picked up the money. Shortly after, he was arrested and he took the officers to Mrs. Walker who was released at 11 p.m. Mrs. Walker required hospitalization because she was cold, disoriented, unable to walk and ill from carbon monoxide fumes.

Appellant pleaded guilty to kidnapping and the State agreed to dismiss a lesser kidnapping offense and to refrain from charging appellant with embezzlement. In addition, the United States Attorney's Office agreed to dismiss extortion charges which had been brought in connection with the kidnapping. Appellant was also given the opportunity to explain that although he pleaded guilty to a "gun offense" he was armed only with a door handle. The plea was accepted and appellant was sentenced to 54 months in prison, the mandato-

ry minimum sentence for "gun offenses" under Minn.Stat. § 609.11.

Following a retroactive reduction in the mandatory minimum sentence from 54 to 36 months, the trial court ordered that appellant's original sentence be maintained. This constituted a departure. The trial court filed a departure report justifying its decision:

1. The original guilty plea entered February 17, 1983, to the Amended Complaint according to the plea agreement obtained for the defendant certain benefits including the dropping of criminal charges as follows:

A. The local county attorney obtained from the federal prosecuting authority a dismissal of all federal criminal charges relating to extortion.

B. The local county attorney agreed not to prosecute felonious criminal charges of embezzlement (theft) of funds from defendant's employer, Gazda Moving, Inc. (or assigned).

2. The defendant entered a plea to Kidnapping in violation of MS 609.25, Subd. 1(1) and Subd. 1(2), with the two components of not releasing the victim in a safe place and with use of a firearm; at the time this called for a minimum of 36 months incarceration by statute because of the firearm.

3. It is not clear to me that the prosecuting attorneys would have agreed to dismiss the state embezzlement nor perhaps the federal extortion charges if the presumptive sentence had been 36 months rather than 54 months.

Appellant filed a petition for post-conviction relief seeking review of the trial court's denial of the reduction of sentence. This petition was filed within the time which a direct appeal could have been taken from the order denying a reduction, and was denied.

## ISSUES

1. When a defendant files a petition for post-conviction relief on a sentencing issue prior to the expiration of the time in which a direct appeal could have been perfected, is appellant entitled to review of his sentence?

2. Did the trial court err in departing upward and maintaining appellant's original sentence without adequate departure reasons?

## ANALYSIS

### I.

If the time for direct appeal has expired a defendant may petition for post-conviction relief. Minn.Stat. § 590.01, subd. 1 (1984); *State v. Thomas*, 371 N.W.2d 533, 535 (Minn.1985). Appellant filed a post-conviction petition prior to the expiration of the time to appeal, apparently because defense counsel believed that the trial court's denial of the sentence reduction was based on a letter to appellant, rather than by order. Defense counsel indicated that if the post-conviction petition was inappropriate, the trial court could notify counsel so that a direct appeal could be perfected. The trial court did not respond until several months later when it issued an order denying the petition. In light of these facts and the fact that if we dismiss the appeal appellant would still have the right to obtain review of the sentence, *see Case v. State*, 364 N.W.2d 797 (Minn.1985), we will consider the merits.

### II.

The State does not attempt to justify the maintenance of appellant's original sentence (which constitutes an upward departure under *Williams v. State*, 361 N.W.2d 840 (Minn.1985)) on any of the reasons cited by the trial court presumably because none of the cited reasons are valid departure factors.

The dismissal of charges is not listed as an aggravating factor to justify an upward departure. Minnesota Sentencing Guidelines II.D (2) (b). In this case, the uncharged embezzlement offense is not a basis for a departure *State v. Chase*, 343 N.W.2d 695 (Minn.Ct.App.1984). Similarly, dismissal of the federal extortion charge,

where appellant denied committing this offense, cannot be used to depart. *State v. Womack*, 319 N.W.2d 17, 19 (Minn.1981).

 Appellant's use of a firearm and his not releasing Mrs. Walker in a safe place were essential elements of the offense so they cannot be used to aggravate the sentence. *See State v. Gardner*, 328 N.W.2d 159 (Minn.1983). The court's concern that the State may not have entered into the plea had the presumptive sentence been 36 months is not substantiated by the record and is not a valid reason to depart.

Instead the State argues that appellant agreed to the sentence and should be bound to it. The record does not support this contention. The length of sentence was not a part of the plea agreement and in fact at sentencing appellant requested a dispositional departure. Moreover, only the court, and not the parties, has the authority to determine the appropriate sentence. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981).

Nevertheless, where the record contains sufficient facts to support a departure, we will not upset the decision to depart. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985).

Here, the record discloses particular cruelty to Mrs. Walker. She was kept without food, water or toilet facilities for a total of nine hours. Part of the time she was kept in a crate and driven around. The weather was cold ranging from the 20's to the low teens. When eventually rescued Mrs. Walker was unable to stand, was cold, disoriented, sick and required hospitalization. It is apparent that had appellant not been arrested, she could very well have suffered permanent injury or even died. She also was subjected to psychological terror in this ordeal.

While there are differing levels of kidnapping under the sentencing guidelines, including a more severe level involving great bodily harm to the victim (*see* Minnesota Sentencing Guidelines, V) this was not a typical case of kidnapping and justifies an 18-month departure.

## DECISION

The trial court's decision to maintain appellant's original sentence following the reduction in the mandatory minimum sentence for gun offenses from 54 to 36 months, is supported by substantial and compelling circumstances.

Affirmed.