**STATE of Minnesota, Respondent,**

v.

**Gregory Scott JOSLIN,
Petitioner, Appellant.**

No. C8–86–2074.

Court of Appeals of Minnesota.

May 26, 1987.
Review Denied June 30, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Raymond F. Schmitz, Olmsted Co. Atty., Rochester, for respondent.

C. Paul Jones, State Public Defender, Bradford Colbert, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY,* JJ., with oral argument waived.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## MEMORANDUM OPINION

EDWARD D. MULALLY, Acting Judge.

While riding his bicycle in a Rochester, Minnesota park on the afternoon of January 1, 1985, appellant Gregory Joslin saw Bobbie Smith Gostout. Appellant remarked, "Do you want to f***?" and Gostout told him to get lost. Appellant followed her. He grabbed Gostout, threw her to the ground, and choked her. Despite Gostout's pleas that she just had a baby and was trying to recover, he retrieved an old World War I bayonet about 12 inches long which he carried on his side in a sheath, and stabbed her twice in the right chest. Gostout struggled to her feet and began walking for help. She glanced over her shoulder and saw appellant pursuing her again. She cried out and Mark Jordahl responded. Jordahl assisted Gostout in obtaining medical treatment at a hospital. Meanwhile, appellant was arrested by police.

Appellant was charged by amended complaint with attempted murder in the first degree, attempted criminal sexual conduct in the first degree, and assault in the second degree. He pleaded guilty to attempted murder in the second degree, Minn.Stat. §§ 609.19, subd. 1, 609.17 (1984). The other counts were dismissed as part of the plea agreement.

Based on a severity level X offense and a criminal history of 2, the presumptive sentence was 81 months imprisonment. The trial court departed upwards by 39 months and sentenced appellant to 120 months.

The court cited particular cruelty to the victim, based on bodily injury and on appellant's actions in pursuing the victim after the assault. The court noted that but for the intervention of a third party the victim would possibly have suffered further harm or death.

The trial court subsequently denied appellant's petition for post-conviction relief challenging the sentence. Joslin appeals from this order.

## DECISION

The trial court has broad discretion in deciding whether to depart from the sentencing guidelines. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). The victim here suffers scars, both physical and emotional, from appellant's attack. Had a third party not intervened she could very well have been killed. *See State v. Vikeras*, 378 N.W.2d 1, 4 (Minn.App.1985). We agree with the trial court that appellant's conduct inflicted particular cruelty on the victim justifying a 39–month upward departure from the presumptive 81–month sentence. Minnesota Sentencing Guidelines II.-D.2.b.(2).

Affirmed.