**STATE of Minnesota, Respondent,**

v.

**Ralph Edward SHIELDS, Appellant.**

**No. C9-87-2255.**

Court of Appeals of Minnesota.

May 31, 1988.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, Arvid Wendland, Faribault Co. Atty., Blue Earth, for respondent.

C. Paul Jones, State Public Defender, D. Richard Hellweg, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and PARKER and MULALLY *, JJ., without oral argument.

## OPINION

HUSPENI, Judge.

Ralph Shields, appellant, pleaded guilty to negligence in causing a fire in violation of Minn. Stat. § 609.576(b)(3) (1984). Pursuant to a plea agreement, he was sentenced to 90 days in jail, 45 days executed and 45 days stayed, Huber privileges, and a $500 fine with a $50 surcharge. He was placed on probation for two years conditioned on good behavior, no violations of the law, payment of the fine and payment

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

of restitution in the amount of $5,880. The stay of execution was revoked after appellant failed to comply with the terms. He appeals from the revocation order contending: (a) that the trial court did not have jurisdiction to revoke the stay of execution because the two year probation term was improper; and (b) that the revocation was improper because the trial court did not determine whether he had the ability to make restitution. We reverse.

## FACTS

On January 31, 1985, a rooming house owned by appellant burned down. Appellant was buying the subject property on contract for deed, which was in cancellation at the date of the fire. He was charged with negligence in causing a fire in violation of Minn. Stat. § 609.576(b)(3) and failure to install smoke detection devices in violation of Minn. Stat. § 299F.361 (1984).

Pursuant to a plea agreement, appellant pleaded guilty to negligence in causing a fire, a gross misdemeanor. The trial court informed appellant that the maximum penalty for this offense was one year in jail, a $3,000 fine, or both. A presentence investigation was conducted.

At the September 3, 1985, sentencing hearing, appellant's attorney asked the trial court to honor the plea agreement and asked that two years probation be imposed. The trial court accepted the recommendation and sentenced appellant to 90 days incarceration, 45 days executed and 45 days stayed; fined him $500 with a $50 surcharge and ordered him to make restitution of $5,880. As a part of the plea agreement, the charge of failure to install smoke detection devices was dismissed. Appellant served 45 days in jail, paid the fine and surcharge, and made partial restitution.

On January 13, 1987, a revocation hearing was held because appellant had failed to make the required restitution and meet with his probation officer on a monthly basis. The trial court continued the stay of execution on condition that appellant "meet with the probation officer a minimum of once a month." Appellant met with his probation officer twice more and made further restitution payments.

On August 31, 1987, the day before the end of the probationary period imposed by the trial court, a second revocation hearing was held. The trial court revoked the stay of execution of the 45 day jail sentence stating:

I think it's clear from the evidence and throughout this whole proceeding for the past two years that you probably wouldn't have the ability to make all the restitution in the time allotted because of your lack of employment. It's also clear to the court that you don't take seriously the orders of the Court and that you are in contempt of court, or at least in violation of Court orders. You were in here in January * * *. At that time I ordered as a condition of your continued probation that you report monthly to the probation officer. That puts the onus on you, not on the probation officer. I also ordered that you make regular monthly payments, * * *. You haven't done that. * * * This is the second time you've been here this year for failure to make appointments or to meet monthly with the probation officer as the Court ordered and you failed to make even minimum payments except those as noted * * *.

On appeal, appellant contends that the trial court had no jurisdiction to revoke the stayed sentence because the two year probation period had been improperly imposed. In addition, he argues that the trial court made no finding that his failure to make restitution had been willful.

## ISSUE

Did the trial court have jurisdiction to revoke the stay of execution of the 45 day jail sentence?

## ANALYSIS

In *State v. Thomas,* 371 N.W.2d 533 (Minn.1985), the supreme court stated:

A criminal defendant has three basic means of appealing a sentencing issue to

the court of appeals. First he may obtain an expedited appeal of the sentence, reserving for an appeal from judgment of conviction any other issues he may want to raise. Minn. R.Crim.P. 28.05. Second, he may appeal from the judgment of conviction, raising any issues, including sentencing issues. * * * Third, if the time for direct appeal has expired, he may petition for postconviction relief on sentencing issues or other issues in the district court, then appeal the denial of the relief.

*Id.* at 534–35 (citations omitted).

Respondent argues that appellant should have challenged the duration of his probation by one of the above means, and that at present the only avenue of relief available to appellant is by petition for postconviction relief. We cannot accept respondent's argument. Rule 27.03, subd. 9 of the Minnesota Rules of Criminal Procedure allows the trial court to "correct a sentence not authorized by law" at any time. In addition, the comments to the rule state:

> Rule 27.03, subd. 9 (Correction or Reduction of Sentence), adopted from F.R. Crim.P. 35, permits the court to correct an unauthorized sentence at any time. This would include a failure to follow proper procedures in connection with the imposition of sentence. * * *

*Id.* Furthermore, in *State v. Hockensmith*, 417 N.W.2d 630 (Minn.1988), the supreme court recognized the propriety of an appellate court correcting an unauthorized sentence even though that issue had not been raised before the trial court:

> Defendant urged the court of appeals to correct the sentence in the interests of justice rather than require him to file a postconviction petition.
>
> The court of appeals should have ruled * * * that the state conceded that the second sentence should be reduced to 24 months and therefore it made no sense to

punish defendant for not raising the issue in the trial court first by making him go back to district court and seek relief.

In reliance on *Hockensmith*,[1] we have examined the probation issue and conclude that the trial court erroneously imposed a two year period of probation in this case. Minn. Stat. § 609.13, subd. 2(1) (1984) provides:

> Notwithstanding that a conviction is for a gross misdemeanor, the conviction is deemed to be for a misdemeanor if;
>
> (1) The sentence imposed is within the limits provided by law for a misdemeanor as defined in section 609.02 * * *;

*Id.* Section 609.02, subd. 3 (1984) provides: "Misdemeanor" means a crime for which a sentence of not more than 90 days or a fine of not more than $700, or both, may be imposed.

*Id.* On this basis, appellant was convicted of a misdemeanor. Minn. Stat. § 609.135, subd. 2(2) (1984) provides:

> In case the conviction is for a misdemeanor the stay shall not be for more than one year.

Consequently, under the terms of the statute, the trial court had no authority to stay execution of the 45 day jail sentence for more than one year. We conclude, therefore, that the trial court no longer had jurisdiction over the matter at either the January 1987 or the August 1987 revocation hearings.

Because the trial court had no jurisdiction to hold the August 1987 revocation hearing, we do not address the issue of whether the trial court findings were adequate to support revocation. Furthermore, in view of our determination on the duration of probation, we do not address appellant's allegation that the trial court failed to determine ability to make restitution.

---

1. We recognize that in *Hockensmith* the state conceded that the sentence was unauthorized, while here the issue of duration of probation is contested. However, inasmuch as Rule 27.03 permits a court to correct an unauthorized sentence at any time, we decline to "punish defendant for not raising the issue in the trial court first." *Hockensmith,* 417 N.W.2d at 632.

## DECISION

The two year period of probation was improperly imposed where the sentence was within the limits provided by law for a misdemeanor. Consequently, the trial court had no jurisdiction to revoke the stay of execution of the sentence after the period of probation had run.

Reversed.