STATE of Minnesota, By its Attorney General, Hubert H. HUMPHREY, III, its Pollution Control Agency, and its Commissioner of Agriculture, James Nichols, Appellants,

v.

CERTIFIED SERVICES, INC., et al., Defendants,

Gary Milosevich, Respondent.

No. CX-88-2212.

Court of Appeals of Minnesota.

Dec. 6, 1988.

Hubert H. Humphrey, III, Atty. Gen., Joseph G. Maternowski, Sp. Asst. Atty. Gen., Environmental Protection Div., St. Paul, for appellants.

Gary Milosevich, Duluth, pro se.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent Milosevich is the owner and sole shareholder of Certified Services, Inc., (CSI) a Minnesota corporation involved in pesticide application and storage. Milosevich, CSI, and a second corporation were charged with violations of state standards regarding the generation, transportation, management and storage of hazardous wastes under Minnesota Statutes Chapter 115 (1986).

On July 13, 1988, the trial court ordered judgment against the corporate defendants, but determined that Milosevich did not act in his individual capacity, and was not personally liable. Judgment was entered the same day. On July 15, appellants received the "Clerk's Notice of Filing, Entry or Docketing of Decision, Order or Judgment" indicating that judgment had been filed on July 13. On July 25 judgment was docketed. On July 27, appellants received a second "Clerk's Notice of Filing, Entry or Docketing of Decision, Order or Judgment" indicating that the judgment was filed, *entered* and *docketed* on July 25. The clerk's office erroneously marked the "filed" and "entered" spaces on the second notice.

On October 20 appellants filed this appeal seeking review of the judgment. This court questioned jurisdiction and respon-

dent moves for dismissal, claiming the appeal is untimely.

## DECISION

An appeal must be taken "from a judgment within 90 days after its *entry.*" Minn.R.Civ.App.P. 104.01 (emphasis added). This court "may not extend or limit the time for filing a notice of appeal * * * except as specifically authorized by law." Minn.R.Civ.App.P. 126.02. This court lacks jurisdiction to consider an appeal which is not timely served and filed. *See Petersen v. Petersen,* 352 N.W.2d 797 (Minn.Ct.App. 1984). This appeal was served and filed more than 90 days after *entry* of the July 13 judgment and is untimely.

Minn.R.Civ.P. 58.01 governs the *entry* of judgment and provides in pertinent part:

> The judgment in all cases shall be entered and signed by the clerk in the judgment roll; this entry constitutes the entry of judgment; and the judgment is not effective before such entry.

Immediately after entry of judgment the clerk is required to serve a notice of entry of judgment on all parties. Minn.R.Civ.P. 77.04.

The *docketing* of judgment, on the other hand, is a separate procedure. *See generally* Minn.Stat. § 548.09, subd. 1 (1986). After entry of judgment the clerk may docket the judgment by recording the case and the names of the parties in alphabetical order. *See* 2A D. Herr & R. Haydock, *Minnesota Practice* § 58.7 at 123 (1985). However, the time for appeal runs from the date of entry, not docketing.

Appellants claim that their appeal should not be dismissed due to the errors of the court administrator. Appellants argue that the court administrator's defective notice of entry and docketing of judgment led to their untimely appeal. However, the failure of the court administrator to comply with the requirements of the Rules of Civil Procedure does not affect the time for appeal. *See LeRoy v. Figure Skating Club of Minneapolis,* 281 Minn. 576, 578, 162 N.W.2d 248, 249 (1968); *Tombs v. Ashworth,* 255 Minn. 55, 62–63, 95 N.W.2d 423, 428–29 (1959) (the notice requirements of Rule 77.04 do not relieve the parties of the responsibility of determining the date of entry of judgment).

Although we are dismissing this appeal as untimely, it also appears the July 13 judgment may not have adjudicated all claims in the action. A judgment which fails to adjudicate all claims is not immediately appealable unless the trial court has made an express determination that there is no just reason for delay and directs entry of a final judgment. Minn.R.Civ.App.P. 104.01; *Olmscheid v. Paterson,* 425 N.W.2d 312, 313 (Minn.Ct.App.1988). The trial court here did not made the express determination and the trial court's order indicated that a "supplemental judgment" awarding expenses incurred for the storage and disposal of hazardous wastes seized by appellant would be entered. The correct appeal would be taken after entry of a *final* judgment adjudicating all remaining claims. Minn.R.Civ.App.P. 104.01.

Respondent's motion to dismiss is granted.

Appeal dismissed without prejudice.