STATE of Minnesota, Respondent,

v.

Colleen Joell WHITLEDGE,
Petitioner, Appellant.

No. C1–93–413.

Supreme Court of Minnesota.

May 21, 1993.

Review Granted April 20, 1993.

John M. Stuart, State Public Defender,
Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St.
Paul, and Bradley C. Rhodes, Aitkin County Atty., Aitkin, for respondent.

KEITH, Chief Justice.

The sole issue presented to us in this case at this time is whether the court of appeals erred in dismissing defendant Colleen Joell Whitledge's appeal from judgment of conviction of the gross misdemeanor offense of furnishing liquor to minors. Defendant's appeal to the court of appeals raised three issues relating to the sentence she received. The court of appeals reasoned that (a) these issues may be raised on appeal only by seeking permission to appeal and (b) defendant's notice of appeal was not filed within the 30–day time limit for seeking permission to appeal.

The trial court in this case sentenced defendant to a stayed term of one year in jail with conditions of probation including (a) two days in jail; (b) payment within a year of $500 to the sheriff's "drug contingency fund"; and (c) payment within a year of $228.30 for the costs of investigation.

Sentencing occurred on December 15, 1992. Defendant filed her notice of appeal from judgment of conviction on February 24, 1993. She indicated in her statement of the case that the issues raised were issues relating to the sentence.

The state moved to dismiss, relying on Minn.R.Crim.P. 28.02, subds. 2(3) and 3. Subdivision 2(3) provides:

> A defendant may appeal as of right from any sentence imposed or stayed in a felony case. All other sentences may be reviewed only pursuant to Rule 28.02, subd. 3.

Subdivision 3 provides:

> The Court of Appeals in the interests of justice and upon petition of the defendant may allow an appeal from an order not otherwise appealable, except an order made during trial, in the manner provided by the Minnesota Rules of Civil Appellate Procedure, provided that the petition shall be served and filed within thirty (30) days after entry of the order appealed.

The court of appeals granted the motion to dismiss.

Before the Sentencing Guidelines were adopted in 1980, a defendant ordinarily could not raise the argument on appeal that a sentence was too long (if the sentence was one authorized by law), but could raise constitutional arguments relating to the sentence, could argue that the sentence was not authorized by law, and could argue, for example, that a particular condition of probation was not authorized by law. *State v. Lambert,* 392 N.W.2d 242, 243 (Minn.1986); *State v. Gamelgard,* 287 Minn. 74, 77–78, 177 N.W.2d 404, 407 (1970).

Since 1980 felony defendants have had the right to the broader kind of appellate review of sentences that presently takes place. This kind of review, however, may be obtained of right only by felony defendants, who may use an appeal from judgment, an appeal from sentence, or the postconviction procedure to obtain review. *State v. Thomas,* 371 N.W.2d 533, 534–35 (Minn.1985).

Minn.R.Crim.P. 28.02, subd. 2(3), quoted above, is based on Minn.Stat. § 244.11, which authorized the expanded appellate review of sentencing that went into effect in 1980. That statute expressly provides, in relevant part:

> On an appeal pursuant to this section, the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court. *This review shall be in addition to all other powers of review presently existing.*

Minn.Stat. § 244.11 (1992) (emphasis added).

While one convicted of a gross misdemeanor may not obtain the expanded post-Guidelines type of sentencing review except by filing a timely motion for permission to appeal with the court of appeals, one may still obtain the pre-Guidelines review of sentencing by filing a timely notice of appeal from judgment of conviction or by seeking postconviction relief.

We hold that the dismissal in this case was correct as to the issue whether the imposition of a one-year sentence, which clearly is a sentence authorized by law, was unwarranted. We hold, however, that the court of appeals erred in dismissing the appeal as to the other two issues. As to the conditions of probation, defendant is arguing that the trial court (a) has no legal authority to order her to pay the costs in question, and (b) has no legal authority to order her to pay the costs without first determining that she has the financial ability to pay.

Affirmed in part, reversed in part, and remanded to court of appeals for further proceedings.