529 N.W.2d 11 (1995)
STATE of Minnesota, Respondent,
v.
Angelo SCOTT, Appellant.
No. C6-95-167.
Court of Appeals of Minnesota.
March 7, 1995.
Review Denied March 14, 1995.
Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas D. Hayes, Sherburne County Atty., Nancy J. Logering, Asst. County Atty., Elk River, for respondent.
John M. Stuart, State Public Defender, Evan W. Jones, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.
Considered at Special Term and decided by SIMONETT, C.J., and DAVIES and AMUNDSON, JJ.

SPECIAL TERM OPINION
DAVIES, Judge.
This is a motion to accept a late appeal from an order denying a motion for sentence modification. We deny the motion.

FACTS
Appellant Angelo Scott was sentenced on August 28, 1992, for felony offenses that are not specified in the record available to this court. On June 23, 1994, Scott filed a motion *12 for sentence modification. The trial court issued an order on September 27, 1994, denying the modification. But Scott's counsel states that he did not receive notice of this order until January 20, 1995. Counsel immediately filed a notice of appeal with a motion for acceptance of a late notice of appeal. The state filed a response opposing any extension of the time to appeal.

ISSUE
Does this court have authority to extend the time for filing a sentencing appeal?

ANALYSIS
Appellant's motion presents the question whether this court has the authority to extend the time to appeal in sentencing appeals, as it does in appeals from conviction.
Under Minn.R.Crim.P. 28.02, subd. 4(3), either the trial court or this court may "[f]or good cause" extend the time to appeal for up to 30 days. But that rule applies only to defense appeals from conviction and from postconviction orders. Id. The subdivision is captioned, "Procedure for Appeals Other Than Sentencing Appeals." Rule 28.02, subd. 4. There is no provision for extending the time to appeal in the companion rule governing sentencing appeals  Minn. R.Crim.P. 28.05. And this court "may not alter the time for filing notice of appeal except as provided by these rules." Minn. R.Crim.P. 28.01, subd. 3.
The supreme court discussed the issue of extending the time to appeal a sentence in State v. Thomas, 371 N.W.2d 533, 534-35 (Minn.1985). This court had denied a motion to extend the time to file an appeal that raised only a sentencing issue, ruling that this court was "without jurisdiction to extend the time for filing a sentencing appeal." Id. at 534 n. 2. The supreme court reversed, but did not disagree with this court's conclusion that the time to file such an appeal could not be extended.
Rather, the supreme court held that the appeal was an appeal from the judgment of conviction even though it raised only a sentencing issue. Id. at 535. The court noted that a defendant had "three basic means of appealing a sentencing issue," id. at 534, one of which was to appeal from the judgment of conviction and raise sentencing issues. Id. at 534-35. The court noted that a defendant could "obtain an expedited appeal of the sentence" by appealing from the sentence itself. Id. at 534.
We cannot construe this appeal as an appeal from a judgment of conviction under Thomas, however, because the appeal was filed more than two years after the judgment of conviction, beyond even the 120-day extended appeal time permitted from conviction. See Minn.R.Crim.P. 28.02, subd. 4(3) (appeal from a judgment of conviction must be filed within 90 days). A later motion for sentence modification under Minn.R.Crim.P. 27.03, subd. 9, cannot revive the right to appeal the conviction.
This court could construe the September 27, 1994, order as a postconviction order. See State v. Stutelberg, 435 N.W.2d 632, 633 (Minn.App.1989) (rule 27.03, subdivision 9, motion to correct the sentence termed a "motion for postconviction relief"). But an appeal of a postconviction order must also be timely; it must be filed within 60 days after entry of the order. Minn.R.Crim.P. 28.02, subd. 4(3). The time to appeal could be extended only for an additional 30 days. Id. By the time Scott filed the motion to accept a late appeal, the 90-day extended period had expired.
Scott has shown "good cause" for an extension: Scott could not file the appeal without notice of the order. But this court has consistently declined to extend the time to appeal if it lacks specific authority for doing so, even in the face of good cause. See, e.g., State by Humphrey v. Certified Servs., Inc., 432 N.W.2d 494, 495 (Minn.App.1988) (court administrator's error did not justify consideration of untimely appeal).

DECISION
The appeal is untimely and there is no authority to extend a defendant's time to appeal from the sentence.
Motion denied.