**STATE of Minnesota, Appellant,**

v.

**Willie Dee LOYD, Respondent.**

No. C3-00-1146.

Court of Appeals of Minnesota.

April 17, 2001.

Mike Hatch, Attorney General, St. Paul; and Jay Heffern, Minneapolis City Attorney, Michael Hess, Assistant City Attorney, Minneapolis, for appellant.

John M. Stuart, State Public Defender, Mark D. Nyvold, Special Assistant Public Defender, St. Paul, for respondent.

Considered and decided by CRIPPEN, P.J., HARTEN and HANSON, JJ.

## OPINION

CRIPPEN, Judge.

The state challenges the trial court's denial of its motion to reconsider the court's order modifying an executed gross-misdemeanor sentence.

## FACTS

In 1999, respondent Willie Loyd pleaded guilty and the court convicted him of gross misdemeanor refusal to submit to testing ("Refusal") in violation of Minn.Stat. § 169.121, subds. 1a and 3(c)(2) (1998),[1] and gross misdemeanor driving after cancellation ("DAC") in violation of Minn.Stat. § 171.24, subd. 5 (1998). Respondent also admitted that the driving offenses violated the conditions of his probation for a 1997 driving-after-cancellation conviction for which he had received a 365-day sentence that was stayed for three years.

At the December 1999 sentencing hearing, the trial court revoked the stay and sentenced him to one year in the workhouse with the potential of Huber work-release privileges[2] under Minn.Stat. § 631.425 (1998). The court also ordered respondent to serve one year on home-electronic monitoring for the current gross-misdemeanor DAC charge, to run consecutively to his workhouse term, and a one-year concurrent workhouse term for the refusal charge, conditionally stayed for three years.

Respondent was unsuccessful in obtaining employment to take advantage of work-release benefits. In March 2000, he scheduled a hearing date for a post-conviction motion seeking withdrawal of his 1999 guilty plea. The trial court, however, canceled the hearing, and respondent's motion papers were never in fact filed.

Instead, the trial court reviewed respondent's sentence sua sponte, based on information that the court evidently received regarding respondent's unsuccessful employment efforts. The court modified the sentence and ordered that respondent be immediately "furloughed" from the jail sentence, but still subject to electronic-home monitoring. At the time, respondent had served more than 100 days of the 365-day sentence. The state sought reconsideration of the trial court's order, arguing that postconviction relief was inappropriate without a hearing and asserting that any other authority of the court to alter the sentence was lost once the sentence was executed. The trial court denied the state's motion, stating that its resentencing had been an exercise of powers independent of the Postconviction Remedy Act, Minn.Stat. ch. 590 (2000). This appeal followed, and we have examined, with the parties' assistance at oral argument, whether the trial court's May 2000 order is appealable.

## ISSUE

Does the prosecution have the right to appeal a trial court's order reviewing and modifying an executed non-felony sentence?

## ANALYSIS

The state may appeal "from any sentence imposed or stayed by the district

---

1. Repealed by 2000 Minn. Laws ch. 478 and recodified at Minn.Stat. ch. 169A (2000).

2. The trial court's order and the transcript of the December 1999 sentencing hearing suggest that the trial court ordered execution of a one-year jail sentence on the current gross-misdemeanor DAC charge and imposed a consecutive one-year term of electronic home monitoring for the 1997 gross-misdemeanor DAC conviction. These sentences are inconsistent with the warrant of commitment dated February 8, 2000, in the trial court file. Whatever the view of the record, the execution of the sentence was for a gross-misdemeanor driving offense.

court according to the rules of criminal procedure." Minn.Stat. § 244.11, subd. 1 (2000). Minnesota Rule of Criminal Procedure 28.04, subd. 1(2), 3 provides the state with the right to appeal "in felony cases from any sentence imposed or stayed by the trial court" or "in any case, from an order granting postconviction relief under Minn.Stat. ch. 590."

 The rule does not give the state the right to appeal from a trial court's order involving a gross-misdemeanor sentence, and there is no judicial precedent that gives the state greater rights for appeal than those stated in the rule. *Cf. State v. Whitledge,* 500 N.W.2d 488, 489 (Minn. 1993) (holding that rule stating defendant's right to appeal felony sentence did not take away broader rights of review recognized by the supreme court before adoption of the rule).

Although the state does not dispute the impact of rule 28.04, it contends that the trial court's sentencing alteration must be viewed as a determination of postconviction relief under Minn.Stat. ch. 590 (2000). *See* Minn. R.Crim. P. 28.04, subd. 1(3) (permitting the state to appeal from order granting postconviction relief). There is no merit to this argument. The trial court did not purport to act under chapter 590, and this chapter permits judicial action only insofar as it relates to determining the rights of a defendant asserted in a chapter 590 proceeding. *See* Minn.Stat. § 590.01, subd. 1 (2000).

Because there is no authority granting the state the right to appeal a non-felony sentencing determination, and absent a determination of rights in a postconviction proceeding, we are without authority to review the trial court's order. As a result, we have no occasion to review the merits of the trial court's claim of authority to modify respondent's gross-misdemeanor sentence.

**DECISION**

Because the state has no right to appellate review of the trial court's gross-misdemeanor sentence modification, its appeal is dismissed.

**Appeal dismissed.**