*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2288**

In re the Marriage of: Maria Pieternella Knight, petitioner,
Respondent,

vs

James Donald Knight,
Appellant.

**Filed July 28, 2014
Affirmed; motion denied
Larkin, Judge**

Carver County District Court
File No. 10-FA-13-330

John M. Jerabek, Susan Lach, Tuft, Lach & Jerabek, PLLC, Maplewood, Minnesota (for respondent)

Matthew J. Gilbert, Gilbert Law Office, PLLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Larkin, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's issuance of an order for protection (OFP), arguing that the district court abused its discretion by issuing the OFP. Appellant also argues that the district court judge engaged in judicial misconduct. Respondent moves this court to strike portions of appellant's brief regarding the judicial-misconduct allegations. Because appellant's allegations of judicial misconduct are without merit and the OFP is supported by the record evidence, we affirm the district court's issuance of the OFP and deny respondent's motion to strike as moot.

## FACTS

On July 29, 2013, respondent Maria Pieternella Knight petitioned the Carver County District Court for an OFP against appellant James Donald Knight, her then husband. Respondent alleged that on July 25, as she was trying to leave the marital home with her dog, appellant "screamed in [her] face" and "struck [her] on the shoulder with his elbow and forearm." The district court issued an emergency (ex parte) order for protection, finding that respondent's petition "allege[d] an immediate danger of domestic abuse."

Appellant requested a hearing on the ex parte OFP. At the beginning of the hearing, and after providing notice to the parties, the district court judge contacted a Hennepin County Judge who had recently presided over the parties' marital-dissolution trial to determine whether the Hennepin County Judge should preside over the OFP

2

hearing.[1]  Appellant did not object to the proposed telephone call.  After speaking to the

Hennepin County Judge, the judge determined that the OFP matter was properly before

the Carver County District Court.  The judge explained:

> Before, earlier in the morning we were off the record
> and counsel did inform me that they were previously in front
> of [another judge] on this matter in Hennepin County.  This
> divorce case was filed in 2011.  Venue was never transferred
> to . . . Carver County.  [The Hennepin County Judge] kept the
> case.  She has had a trial, currently under advisement before
> her on the divorce where she is deciding a number of issues.
> I did have an opportunity to speak with [the Hennepin
> County Judge] this morning.  She did indicate to me that she
> was not aware—that she was not aware of any domestic
> abuse between the parties earlier, that it was not necessary for
> her to hear this matter and we should go ahead and hear this
> domestic abuse contested hearing today.
> As soon as [the Hennepin County Judge] completes
> her order, she is going to transfer venue of this matter to
> Carver County.  I've agreed that I will block the matter to
> myself so [the Hennepin County Judge] and I will work on a
> smooth transition of this file.

Appellant did not object to the judge's decision to preside over the OFP hearing.

At the end of the hearing, the district court issued an OFP.  Appellant moved the district

court to vacate the OFP and for a new trial, arguing that "the court's ex parte

communications with [the Hennepin County Judge] violated [his] due process rights and

---

[1] The Minnesota Domestic Abuse Act states that

> [a]n application for relief under this section may be filed in
> the court having jurisdiction over dissolution actions, in the
> county of residence of either party, in the county in which a
> pending or completed family court proceeding involving the
> parties or their minor children was brought, or in the county
> in which the alleged domestic abuse occurred.

Minn. Stat. § 518B.01, subd. 3 (2012).

the Code of Judicial Conduct." The district court held a hearing on appellant's motion

and denied the motion. The judge explained:

> [The Hennepin County Judge] is the Judge in the parties' dissolution file that was mistakenly filed in Hennepin County—both parties reside in Carver County. This Court did contact [the Hennepin County Judge] during the OFP trial. The purpose for the call was primarily to determine if [the Hennepin County Judge] should hear the OFP matter because of her familiarity with the case in the dissolution action.
>
> This Court learned of the Hennepin County dissolution file just prior to the OFP trial on August 5, 2013. This Court asked both counsel if there was an objection to the domestic abuse matter being heard in Carver County given the open dissolution file in Hennepin County. Neither party raised an objection. This Court indicated it would take a break to contact [the Hennepin County Judge] to determine if the matter should be heard in Hennepin County rather than Carver County. There was no objection raised by either counsel. Neither counsel requested that they be included on the telephone call to [the Hennepin County Judge]—which request this Court certainly would have granted. Following the telephone call, this Court confirmed the conversation with [the Hennepin County Judge] to the parties on the record. [The Hennepin County Judge] indicated the dissolution file would be transferred to Carver County once the Judgment and Decree was entered in Hennepin. This Court did speak with [the Hennepin County Judge] about the domestic abuse allegation before it, and [she] indicated there had been no domestic abuse alleged under the Hennepin County file— therefore [the Hennepin County Judge] did not need to hear the domestic abuse allegations before this Court. Following this discussion with counsel and the parties, neither party raised an objection to this Court proceeding with the OFP trial.

This appeal follows.

**I.**

Appellant argues that his "due process rights were violated by the district court's ex parte communication(s) with another judicial officer." "Whether a constitutional violation has occurred presents a question of law, which we review de novo." *State v. Burkland*, 775 N.W.2d 372, 374 (Minn. App. 2009), *review denied* (Minn. Jan. 27, 2010). Likewise, "[w]hether a judge has violated the Code of Judicial Conduct is a question of law, which [appellate courts] review de novo." *State v. Dorsey*, 701 N.W.2d 238, 246 (Minn. 2005).

As an initial matter, the parties disagree regarding whether appellant's judicial-misconduct claim is properly before this court because appellant did not object to the district court judge presiding at the OFP hearing or request the judge's recusal before the hearing. Assuming that the misconduct allegation is properly before us, it is entirely without merit.

Appellant relies on Minnesota Code of Judicial Conduct Rule 2.9 to support his argument that the district court judge's conduct violated his due-process rights. Rule 2.9 provides that "[a] judge shall not initiate, permit, or consider ex parte communications . . . made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter." But "[w]hen circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted . . . ." Minn. Code Jud. Conduct Rule 2.9(A)(1). Here, there is no indication that the district court judges discussed substantive matters.

As the district court judge in this case explained, she contacted the Hennepin County Judge "to determine if the matter should be heard in Hennepin County rather than Carver County" and that "[t]he purpose for the call was primarily to determine if [the Hennepin County Judge] should hear the OFP matter because of her familiarity with the case in the dissolution action."

Moreover, a comment to rule 2.9 explicitly recognizes that "[a] judge may consult with other judges on pending matters, but must avoid ex parte discussions of a case with judges who have previously been disqualified from hearing the matter, and with judges who have appellate jurisdiction over the matter." Minn. Code Jud. Conduct Rule 2.9 cmt. 5. The Hennepin County Judge was neither disqualified from hearing the matter, nor was she a judge with appellate jurisdiction.

Appellant nonetheless argues that "[a]t a minimum, the district court has created an appearance of impropriety" by receiving factual information from the Hennepin County Judge regarding "prior claims of abuse."[2] *See* Minn. Code Jud. Conduct Rule 1.2 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."). He cites *State v. Dorsey*, 701 N.W.2d at 250 to support his contention that the district court judge conducted a "fact finding investigation and

---

[2] Appellant's argument begs the question: If the judge in this case created an "appearance of impropriety," why did appellant allow her to preside over the OFP hearing without objection? *See* Minn. Code Jud. Conduct 1.2 cmt. 5 ("The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge violated [the] Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.").

6

reach[ed] a legal conclusion based on [her] ex-parte findings." His reliance on *Dorsey* is misplaced.

In *Dorsey*, a district court judge presiding over a court trial "independently investigated a fact not introduced into evidence," which ultimately undermined a trial witness's credibility. *Id.* The supreme court concluded that "the judge's questioning of the veracity of [the witness's] testimony and her subsequent investigation deprived [the defendant] of an impartial judge and finder of fact." *Id.*

Here, the district court judge's conversation with the Hennepin County Judge was not an independent investigation into the facts of the underlying OFP case that deprived appellant of an "impartial judge and finder of fact." Although the district court judge learned that "there had been no domestic abuse alleged under the Hennepin County file," this factual information related only to the scheduling question of whether the Hennepin County Judge should hear the OFP case because of overlapping issues. The record does not indicate that the district court judge obtained factual information that influenced her determination regarding the current domestic abuse allegations. In sum, there is a difference between asking about prior instances of domestic violence and asking whether domestic violence had been alleged in a prior case. The judicial communication here involved the latter, and it did not create an appearance of impropriety.

Appellant also argues that "[t]he district court abused its discretion in obtaining and using ex-parte communication(s) in assessing the credibility of the parties." Appellant essentially argues that because the two judges each determined that he lacked testimonial credibility, they must have discussed his credibility. That argument is based

7

on pure speculation. Because there is nothing in the record to support the argument, we reject it.

In sum, the district court judge in this case did not violate the rules of judicial conduct, create an appearance of impropriety, or improperly assess appellant's credibility. Thus, appellant's due-process rights were not violated. Appellant's argument that the district court judge should have recused herself is similarly without merit. *See* Minn. Code Jud. Conduct Rule 2.11 ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . .").

## II.

Appellant argues that "[t]he evidence in the record does not support a finding of domestic abuse." The decision to grant an OFP "is within the district court's discretion." *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009) (quotation omitted). "A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law." *Id*. (quotation omitted).

"[I]n our review of an OFP, we review the record in the light most favorable to the district court's findings, and we will reverse those findings only if we are left with the definite and firm conviction that a mistake has been made." *Id*. at 99 (quotations omitted). "We will not reverse merely because we view the evidence differently." *Id*. (quotation omitted). "And we neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Id*. (quotation omitted).

8

"An OFP is justified if a person manifests a present intention to inflict fear of imminent physical harm, bodily injury, or assault on the person's spouse." *Id.*; *see also* Minn. Stat. § 518B.01, subd. 2 (2012). The district court based the OFP on its finding that appellant "did lunge at [respondent] when [her dog] was in her arms. And I believe that he did it with either intent to cause her physical harm or he did it with intent to have her in fear of imminent physical harm."

The record evidence supports the district court's finding. Respondent testified as follows:

> RESPONDENT: . . . So I went over to the stairs where [my dog] was and I put down my purse and my little suitcase and I picked up [my dog]. I was going to go towards the kitchen back into the garage, then to put [my dog] in the car. He blocked my way. I turned around, I went through the other opening in the hallway through the living room. And then got to the couch there in the living room, he – he came from the other side.
> THE COURT: He is?
> RESPONDENT: [Appellant].
> THE COURT: Okay.
> RESPONDENT: Then he ran to me with his arm over his head. I had [my dog] in my arms. I was scared to death also because of my eye and I was still wearing protective glasses. Then I'm holding [my dog] and he run towards me and he's – he's like this (indicating), screaming, screaming.
> THE COURT: He is?
> RESPONDENT: [Appellant]. That I was not supposed to leave the house and then he struck me on my shoulder and my collar, right here (indicating). He had this look on his face that was just terrifying. He looked like a crazy person, you know, screaming and trying to sort of attack me. I don't know what it was.

In addition, the audio recording of respondent's 911 call was played at the hearing, in which respondent stated that appellant "sort of pushed [her]."

Appellant argues that he "never intended to inflict or attempted to inflict bodily harm on [r]espondent." But this court will "neither reconcile conflicting evidence nor decide issues of witness credibility." *Pechovnik*, 765 N.W.2d at 99. The district court specifically found respondent's testimony credible, and we defer to this credibility determination. *See id*. Moreover, when viewed in the light most favorable to the district court's findings, the record evidence supports the findings. Under the deferential standard used to review the issuance of an OFP, we conclude that the district court did not abuse its discretion by granting the OFP.

**III.**

Appellant argues that he is "entitled to a new trial" because his "due process rights have been violated" and "the record does not support the Court's factual determinations." "We review a district court's new trial decision under an abuse of discretion standard." *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010).

The parties disagree regarding whether a motion for a new trial is independently appealable in a domestic-abuse proceeding. *See Steeves v. Campbell*, 508 N.W.2d 817, 818 (Minn. App. 1993) ("[A] new trial motion in domestic abuse proceedings under Minn. Stat. § 518B.01 is not authorized, and an order denying such a motion is not appealable."). We need not decide if appellant's new-trial motion was permissible because we have already determined that the substantive bases for the motion are without merit. In other words, assuming that the new trial motion was permissible, the district court did not abuse its discretion by denying the motion on the grounds alleged. *See In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010) ("[A] district court abuses

10

its discretion if it acts against logic and the facts on record, or if it enters fact findings that are unsupported by the record, or if it misapplies the law." (quotation and citation omitted)).

**IV.**

Respondent moved this court to strike portions of appellant's brief and appendix, including "all of [a]ppellant's allegations pertaining to alleged collusion between" the district court judges. Respondent argues that these accusations are "disrespectful, insulting, and slanderous" and "find no support in the record." It is well established that "when a brief is used as a vehicle for disrespect, insult, and slanderous accusations which find no support in the record," an appellate court may grant a motion to strike portions of or an entire brief. *State v. Gamelgard*, 287 Minn. 74, 82, 177 N.W.2d 404, 409 (1970), *superseded by statute on other grounds as stated in State v. Whitledge*, 500 N.W.2d 488, 489 (Minn. 1993). But because we have already determined that none of appellant's assertions of improper judicial conduct has merit, we deny the motion as moot. *See In re Application of Minnegasco*, 565 N.W.2d 706, 710 (Minn. 1997) (stating that an issue is moot if the court cannot grant effective relief).

**Affirmed; motion denied.**