*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0119**

State of Minnesota,
Respondent,

vs.

Yia Her,
Appellant.

**Filed January 19, 2016
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-13-29629

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Halbrooks, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal following convictions of fleeing a police officer in a motor vehicle causing death and fleeing a police officer in a motor vehicle causing great bodily harm,

appellant argues that the district court abused its discretion when it imposed a 198-month sentence on the first count, which appellant contends was an 18-month upward durational departure but was actually within the presumptive-sentence range. We affirm.

**FACTS**

Appellant Yia Her was charged with one count each of fleeing a police officer in a motor vehicle causing death in violation of Minn. Stat. § 609.487, subd. 4(a) (2012), and fleeing a police officer in a motor vehicle causing great bodily harm in violation of Minn. Stat. § 609.487, subd. 4(b) (2012). Her pleaded guilty to both offenses. The district court sentenced Her to consecutive terms of 198 months in prison for count one and 21 months in prison for count two. This appeal followed.

**D E C I S I O N**

This court reviews sentences imposed by the district court for an abuse of discretion. *State v. Delk,* 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010).

> Under the sentencing guidelines, sentences are determined by use of a grid system. Minn. Sent. Guidelines IV. The vertical axis on the grid tracks the severity of the offense, while the horizontal axis tracks the offender's criminal history. To determine the proper sentence to be imposed in any given case, a sentencing court locates the cell on the grid that corresponds to the offense level and the offender's criminal history. Not counting the cells applicable to relatively minor offenses, each cell on the grid contains three different numbers. The lowest number is the minimum guidelines sentence for that particular cell, the highest number is the maximum guidelines sentence, and the middle number is what might be referred to as the "presumptive fixed sentence." . . . All three numbers in any given cell constitute an acceptable sentence based solely on the offense at issue and the offender's criminal history

2

> score-the lowest is not a downward departure, nor is the highest an upward departure. Minn. Sent. Guidelines IV.

*State v. Jackson,* 749 N.W.2d 353, 359 n.2 (Minn. 2008).

"The sentence ranges provided in the Grids are presumed to be appropriate for the crimes to which they apply." Minn. Sent. Guidelines 2.D.1 (2012). Absent "identifiable, substantial, and compelling circumstances to support a sentence outside the appropriate range on the applicable Grid," the district court must impose the presumptive guidelines sentence. *Id.* But, "any sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk,* 781 N.W.2d at 428.

Her had a criminal-history score of two, and fleeing a police officer causing death is a severity-level-ten offense. Minn. Sent. Guidelines 5.A (2012). The presumptive guidelines range for a person with a criminal-history score of two who commits a severity-level-ten offense is 153 to 216 months, and the "presumptive fixed sentence" within that range is 180 months. Minn. Sent. Guidelines 4.A (2012). Her analyzes this case as an upward durational sentencing departure and argues that he is entitled to reversal of his sentence because "the [district] court cites nothing that makes Her's conduct atypical from those charged with similar offenses." But Her's 198-month sentence is within the guidelines range, and his sentence is not an upward departure.

A district court is not required to explain its reasons for imposing a presumptive sentence, and we may not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler,* 378 N.W.2d

77, 80-81 (Minn. App. 1985). "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981). The record shows that the sentencing court carefully evaluated all the testimony and information presented before making its sentencing decision.

**Affirmed**.