*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0505
A23-0510**

State of Minnesota,
Respondent,

vs.

Timothy David Johnson,
Appellant (A23-0505),

Sarah Nicole Johnson,
Appellant (A23-0510).

**Filed November 20, 2023
Affirmed
Frisch, Judge**

Hennepin County District Court
File Nos. 27-CR-16-33299, 27-CR-16-33300

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mary F. Moriarty, Hennepin County Attorney, Adam Petras, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

John Leunig, Justin J. Duffy, The Law Office of John J. Leunig, Bloomington, Minnesota (for appellant Timothy Johnson)

Gordon G. (Jeff) Mohr, Law Office of Gordon G. Mohr, Bloomington, Minnesota (for appellant Sarah Johnson)

Considered and decided by Johnson, Presiding Judge; Larkin, Judge; and Frisch, Judge.

**FRISCH**, Judge

In this combined direct appeal from their judgments of conviction for gross-misdemeanor child neglect, appellants argue that because the imposition of the maximum gross-misdemeanor sentence was manifestly unjust, they are entitled to a reversal of their convictions and remand to the district court so that they may withdraw their guilty pleas. Because appellants' challenge to their gross-misdemeanor sentences is not authorized by law and their guilty pleas were otherwise valid, we affirm.

## FACTS

On December 29, 2016, the state charged appellants Timothy David Johnson and Sarah Nicole Johnson with gross-misdemeanor child neglect. The charges were based on events that took place on or around March 30, 2015, when officers responded to a report that the Johnsons' seven-year-old son was not breathing. Officers discovered the child dead at the Johnsons' home. The Johnsons had previously noticed that the child's health was deteriorating and that he may have needed medical attention. Neither parent took any action. The Johnsons testified that their willful failure to seek aid for the child was likely to have physically harmed the child.

The Johnsons each entered into identical plea agreements with the state whereby they agreed to plead guilty to one count of gross-misdemeanor child neglect and serve no additional executed jail time. The Johnsons thereafter entered guilty pleas. After the plea hearings but before sentencing, the district court informed the Johnsons that it would not accept the plea agreements. The district court gave the Johnsons the option of withdrawing

2

their guilty pleas. The Johnsons declined to withdraw their guilty pleas and at a later hearing reaffirmed their guilty pleas. The district court thereafter held sentencing hearings and imposed the maximum gross-misdemeanor sentence authorized by law, 365 days' imprisonment. *See* Minn. Stat. § 609.378, subd. 1(a)(1) (2014).

The Johnsons petitioned this court for discretionary review of the sentences, arguing that the district court abused its discretion by imposing the maximum gross-misdemeanor sentence. We denied the petitions. *State v. Timothy David Johnson*, No. A23-0501 (Minn. App. Apr. 18, 2023) (order); *State v. Sarah Nicole Johnson*, No. A23-0502 (Minn. App. Apr. 18, 2023) (order). The Johnsons now directly appeal from their final judgments of conviction.

**DECISION**

The Johnsons seek a reversal of their convictions for gross-misdemeanor child neglect and remand to the district court so they may withdraw their guilty pleas. They argue that the sentences imposed by the district court are manifestly unjust and that they are therefore entitled to plea withdrawal. We discern no basis to reverse the convictions.

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010); *see also* Minn. R. Crim. P. 15.05. However, "a court must allow withdrawal of a guilty plea if withdrawal is necessary to correct a manifest injustice." *Raleigh*, 778 N.W.2d at 93 (quotation omitted). "A manifest injustice exists if a guilty plea is not valid." *Id.* at 94. And to be valid, a plea must be "accurate, voluntary, and intelligent." *Id.* Whether the manifest-injustice standard has been met is a question of law subject to de novo review. *Id.*

3

The Johnsons do not dispute that their guilty pleas were valid and in fact concede that their pleas were accurate, voluntary, and intelligent. Instead, the Johnsons argue that they have a right to withdraw their pleas because the district court's imposition of the maximum sentence authorized by law was excessive and constitutes a manifest injustice. As the Johnsons' counsel admitted at oral argument before this court, the Johnsons are challenging not the validity of the pleas, but the sentences imposed. This challenge is unavailing for three reasons.

First, the Johnsons have no right to appeal the district court's imposition of a lawful gross-misdemeanor sentence on the grounds that the sentence is excessive, unreasonable, or not appropriate. *See State v. Whitledge*, 500 N.W.2d 488, 489 (Minn. 1993) (explaining that a defendant may appeal a gross-misdemeanor sentence on the grounds that it is unconstitutional or otherwise not authorized by law); Minn. R. Crim. P. 28.02, subd. 2(3) (providing an appeal of right from a sentence imposed or stayed in a felony case). To challenge their gross-misdemeanor sentences on any of these bases, the Johnsons were required to seek discretionary review. Minn. R. Crim. P. 28.02, subd. 3. Indeed, the Johnsons petitioned this court for discretionary review of their sentences. And we denied review, declining to exercise the discretion afforded to us under Minn. R. Crim. P. 28.05, subd. 3, to review the appropriateness of the sentences.

Second, there is no legal authority to support the argument that Minn. R. Crim. P. 15.05, subd. 1, allows for plea withdrawal where the sentence is manifestly unjust. The rule provides, "At any time the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to

4

correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. The rule applies to the validity of guilty pleas, not to the validity of sentences. *Compare* Minn. R. Crim. P. 15 (guilty pleas) *with* Minn. R. Crim. P. 27 (sentencing).

Third, even assuming that the Johnsons had a right to directly appeal their gross-misdemeanor sentences, our independent review of the record supports the conclusion that the Johnsons' pleas were valid. To be valid, a plea must be "accurate, voluntary, and intelligent." *Raleigh*, 778 N.W.2d at 94. The Johnsons' guilty pleas satisfy all three requirements. The pleas were accurate because the Johnsons explained, in their own words, how their conduct satisfied each of the elements of gross-misdemeanor child neglect. The pleas were voluntary, as the Johnsons acknowledged that they were entering their guilty pleas of their own volition. And the pleas were intelligent. The Johnsons were advised of the maximum possible consequence as a result of entering their pleas. The district court informed the Johnsons that it would not be accepting the plea agreements recommending no jail time and afforded them the opportunity to withdraw their guilty pleas. The Johnsons then, informed of the possibility of imprisonment for up to a year, reaffirmed their pleas. Although the Johnsons argue that the district court's exercise of discretion in imposing executed gross-misdemeanor sentences was unusual given the charged crime, unfair given the facts of the case, and inappropriate in light of the remorse demonstrated by the Johnsons, these arguments are unrelated to the validity of the Johnsons' guilty pleas and are not a basis to reverse the convictions.

**Affirmed.**

5