COUNTY OF MORRISON, Respondent,

v.

Virginia R. (Jean) LITKE, Appellant.

No. C1–96–815.

Court of Appeals of Minnesota.

Jan. 14, 1997.

Dan T. Ryerson, James T. Martin, Gislason, Martin & Varpness, P.A., Edina, for Appellant.

Conrad I. Freeberg, Morrison County Attorney, Kris H. Davick–Halfen, Assistant County Attorney, Little Falls, for Respondent.

Considered and decided by LANSING, P.J., and HUSPENI and NORTON, JJ.

## OPINION

HUSPENI, Judge.

A jury determined that respondent was entitled to recover from appellant for public assistance that appellant's mother had wrongfully obtained prior to her death. Appellant moved for a new trial or judgment notwithstanding the verdict (JNOV); this motion was denied and judgment was entered. Because appellant was not the recipient of the wrongfully obtained assistance, we reverse.

## FACTS

Appellant Virginia Litke is one of 12 children of the late Frank Kroll, who died in 1993, and Margaret Kroll, who died in 1995. Prior to their deaths, the Krolls on two occasions distributed sums of money to their children: in December 1989 each child received $2,000, and in January 1990 appellant received $10,000 and her sister, Janet Litke, received $14,000.[1] The two sisters paid their parents seven percent interest on these amounts, which they distributed to their siblings in 1992. Ultimately, each of the 12 children received or retained $2,000 and became responsible for paying the seven percent interest on that amount.

Appellant was appointed power of attorney for Margaret Kroll. In this capacity, appel-

lant applied to respondent Morrison County for public assistance for Margaret Kroll when she moved to a nursing home in 1991. On the application, appellant disclosed neither the December 1989 nor the January 1990 distributions the Krolls had made to their children. Margaret Kroll was found eligible for public assistance.

Morrison County brought this action against appellant personally under Minn. Stat. § 256.98, alleging that both the December 1989 and the January 1990 distributions were not gifts but undisclosed loans, that these amounts were therefore available to Margaret Kroll for her care, and the county was entitled to reimbursement for her care in the amount of $45,244.97.

The jury found that the December 1989 distributions of $2,000 to each child were gifts, but that the January 1990 distributions of $10,000 to appellant and $14,000 to her sister Janet Litke were loans. The jury also found that appellant wilfully made a false statement to aid Margaret Kroll in obtaining public assistance, that Margaret Kroll received public assistance in an amount greater than that to which she was entitled, and that $24,000, the amount of the 1990 distributions, would adequately compensate Morrison County.

Appellant moved for a new trial or in the alternative for JNOV, arguing that Minn. Stat. § 256.98 (1994) permits a cause of action only against the recipient or the recipient's estate and, therefore, the county had no cause of action against appellant under that statute. The motion for JNOV or a new trial was denied, and judgment for respondent was entered. Appellant challenges that judgment.

## ISSUE

Did Morrison County have a cause of action against appellant under Minn.Stat. § 256.98?

## ANALYSIS

### Standard of Review

The parties agree that the facts are not in dispute here and that the only issues on

---

1. Appellant and her sister Janet married two    brothers, Arvin and Erwin Litke.

appeal are issues of law. Where material facts are not in dispute, a reviewing court need not defer to the trial court's application of the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). "The granting of a judgment notwithstanding a jury verdict is a pure question of law." *Edgewater Motels, Inc. v. Gatzke*, 277 N.W.2d 11, 14 (Minn.1979). A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Minn.Stat. § 256.98 provides:

**Subdivision 1. Wrongfully obtaining assistance.** A person who obtains, or attempts to obtain, or aids or abets any person to obtain by means of a willfully false statement or representation, by intentional concealment of a material fact, or by impersonation or other fraudulent device, assistance to which the person is not entitled or assistance greater than that to which the person is entitled, or who knowingly aids or abets in buying or in any way disposing of the property of a recipient or applicant of assistance without the consent of the county agency with intent to defeat the purposes of sections 256.12, 256.72 and 256.871, and chapter 256B, or all of these sections, is guilty of theft and shall be sentenced pursuant to section 609.52, subdivision 3, clauses (2), (3)(a) and (c), (4), and (5).

\* \* \* \* \* \*

**Subd. 4. Recovery of assistance.** The amount of assistance determined to have been incorrectly paid is recoverable **from the recipient or the recipient's estate** by the county or the state as a debt due the county or the state or both in proportion to the contribution of each.

(Emphasis added.) Appellant argues that Morrison County has no cause of action for recovery against her because she is neither the recipient nor the recipient's estate. We agree.

■ Minn.Stat. § 256.98, subd. 1, lists four groups who may be prosecuted for theft: those who obtain assistance to which they are not entitled, those who attempt to obtain assistance to which they are not entitled, those who aid or abet another to obtain assistance to which that person is not entitled, and those who knowingly aid or abet in buying or in any way disposing of the property of a recipient or applicant of assistance. Clearly appellant would be liable to prosecution as having aided and abetted her mother to obtain assistance to which she was not entitled. Subdivision 4 of the statute, however, limits recovery in a civil action to "the recipient or the recipient's estate." Had the legislature wanted to include recovering from aiders and abettors of recipients, it could have done so. Where a statute enumerates persons or things to be affected by its provisions, there is an implied exclusion of others. *Maytag Co. v. Commissioner of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). Here the statute enumerated the recipient of unlawful aid and the recipient's estate; there is an implicit exclusion of other entities and this court cannot change that exclusion. *See Martinco v. Hastings*, 265 Minn. 490, 497, 122 N.W.2d 631, 638 (1963) ("[i]f there is to be a change in the statute, it must come from the legislature, for courts cannot supply that which the legislature purposely omits or inadvertently overlooks.").

■ The statute provides a right of action against recipients and their estates; it does not provide a right of action against aiders and abettors. "A statute does not give rise to a civil cause of action unless the language of the statute is explicit or it can be determined by clear implication." *Flour Exch. Bldg. Corp. v. State*, 524 N.W.2d 496, 498 (Minn.App.1994), *review denied* (Minn. Feb. 14, 1995) (citations omitted). *Flour Exch. Bldg.* declined to imply a private cause of action for owners or lessors of historical buildings under the leasing preference statute. *Id.* at 499. Morrison County had no cause of action against appellant under Minn. Stat. § 256.98; appellant was therefore entitled to judgment notwithstanding the verdict.[2] *See Stubbs v. North Mem'l Med. Ctr.*,

**2.** In view of our determination that the trial

court's denial of JNOV must be reversed, we

448 N.W.2d 78, 80–81 (Minn.App.1989) (it is not the function of the court of appeals to establish new causes of action, even when such actions have merit), *review denied* (Minn. Jan. 12, 1990).

## DECISION

Minn.Stat. § 256.98, subd. 4, provides for recovery from recipients or their estates; it neither expresses nor implies a recovery from those who may have aided or abetted the recipients. We reverse the denial of appellant's motion for JNOV.

**Reversed.**

need not address appellant's argument that Morrison County's recovery should be limited by Minn.Stat. § 256B.0595, subd. 2 (1994), providing that recovery by local agencies for unreported transfers of funds by those receiving long-term care is limited to "the cost of long-term care services provided during the period of ineligibility, or for the uncompensated amount of the transfer, whichever is less." We note, however, that this statute pertains to gifts or uncompensated transfers, not to loans, and that the jury determined the $10,000 transferred to appellant was a loan.