**In the Matter of the WELFARE OF S.H.R., Child.**

**No. C9–97–1009.**

Court of Appeals of Minnesota.

Dec. 2, 1997.

Roger S. Van Heel, Stearns County Attorney, Daniel A. Benson, Assistant County Attorney, St. Cloud, for appellant State.

John M. Stuart, State Public Defender, Charlann Winking, Assistant State Public Defender, Minneapolis, for respondent S.H.R.

Considered and decided by TOUSSAINT, C.J., and HUSPENI and KALITOWSKI, JJ.

TOUSSAINT, Judge.

The prosecution filed this appeal from a disposition order in a juvenile delinquency proceeding. This court questioned jurisdiction because the appealability of the order was unclear. We dismiss.

## FACTS

The state filed a delinquency petition alleging that respondent S.H.R. committed second-degree criminal sexual conduct. After several pretrial motions were decided, S.H.R. agreed to enter an admission to an amended charge of fifth-degree criminal sexual conduct. The trial court scheduled a dispositional hearing.

At the dispositional hearing, the trial court denied the state's request to include as part of the dispositional order a requirement that S.H.R. provide a biological sample for DNA

analysis and register as a sexual offender. The state moved for reconsideration and the trial court denied the motion. The state then filed this appeal.

## ISSUE

Does the state have a right to appeal from a juvenile delinquency disposition order?

## ANALYSIS

This court questioned jurisdiction over this appeal because of uncertainty regarding the state's right to appeal a dispositional order.

Minn. R. Juv. P. 31.04, the interim rule applicable to this appeal, provides: [1]

> **Subd. 1 Scope of Appeal** The prosecuting authority may appeal as of right from:
>
> > (1) sentences or dispositions imposed or stayed in extended jurisdiction juvenile cases; * * *

The juvenile rules formerly allowed the prosecutor a right of appeal only from pretrial orders. Minn. R. Juv. P. 31.02, subd. 1 (1991). The juvenile statute allowed any "aggrieved person" to appeal from a "final order" in a juvenile case. Minn.Stat. § 260.291, subd. 1 (1996). In an early case decided before the adoption of the rules of juvenile procedure, the supreme court held that the state was an "aggrieved person" and could appeal an order denying the state's motion for adult certification. *In re Welfare of I.Q.S.*, 309 Minn. 78, 82, 244 N.W.2d 30, 35 (1976).

The juvenile rules now explicitly provide that the state may appeal an order denying a motion for adult certification. Minn. R. Juv. P. 21.04, subd. 1(2). The rule also explicitly extends a right to appeal from extended jurisdiction juvenile (EJJ) dispositions. *Id.* The explicit listing of orders appealable by the state, and particularly the inclusion of dispositions in EJJ cases as appealable orders, strongly implies that other types of orders,

including ordinary juvenile delinquency dispositions, are not appealable. *See generally County of Morrison v. Litke*, 558 N.W.2d 16, 18 (Minn.App.1997) (where statute enumerates persons or things affected by its provisions there is an implied exclusion of others).

▇▇▇ The state's right of appeal must be strictly construed. *E.g., City of Albert Lea v. Harrer*, 381 N.W.2d 499, 501 (Minn.App. 1986). In the past, the county attorney could not appeal a disposition order. Robert Scott and 12 John O. Sonsteng, *Minnesota Practice* 485 (1985). The addition of new language in the rules allowing the state to appeal from "sentences or dispositions imposed or stayed in extended jurisdiction juvenile cases," does not reflect an intent to change the historic practice except with respect to EJJ dispositions. Our conclusion that the right to appeal extends only to dispositions in EJJ cases is consistent with the historic practice and the strict construction of the state's right of appeal. *See generally Van Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 490 (Minn.1997) (court rule, like statute, must be construed in the sense it was understood and intended when promulgated). Accordingly, because this is not an EJJ case, we must dismiss this appeal as taken from a nonappealable order.

## DECISION

Under the rules of juvenile procedure, the prosecution has no right of appeal from a juvenile delinquency disposition order except in an EJJ case.

**Appeal dismissed.**

---

1. The identical language appears in the current rule, Minn. R. Juv. P. 21.04, subd. 1(1).